## STOVALL *v.* THE STATE.

1. A motion for a continuance is addressed to the sound discretion of the presiding judge. It does not appear, in this case, that he abused such discretion in his refusal to continue the case.
2. A ground of a motion for new trial, which is based on the admission of testimony contained in a letter which was admitted in evidence over the

objection of defendant's counsel, should set out, in words or substance, the contents of the letter objected to. Certainly when a letter is referred to as being contained in the approved brief of the testimony at the foot of page 76, and it appears that there is no such page of the brief, the exception made is not good, and can not be considered. This court will not pass on questions raised to the admissibility of evidence, when the identification of the evidence objected to is left uncertain.

3. Where one voluntarily fires a loaded pistol at another, without excuse and not under circumstances of justification, and kills the person at whom he shot, the law will hold the slayer responsible for the consequences of his act It conclusively presumes malice on the part of the slayer; and the grade of the homicide, so committed, will not be reduced to involuntary manslaughter, even if the intent of the slayer, under such circumstances, was to wound or cripple the deceased, and not to kill.

4. The verdict of guilty of murder in this case is fully supported by the evidence.

Argued January 17,— Decided February 10, 1899.

Indictment for murder. Before Judge Littlejohn. Dooly superior court. November 14, 1898.

*Allen Fort, Busbee & Busbee* and *D. A. R. Crum*, for plaintiff in error. *J. M. Terrell, attorney-general, F. A. Hooper, solicitor-general, J. M. DuPree* and *J. F. Powell & Son*, contra.

LITTLE, J. Besides the general ground that the verdict is contrary to law and without evidence to support it, the motion for new trial shows that exceptions were taken to the ruling of the court in refusing to continue the case, and in admitting in evidence a certain letter purporting to have been written by the accused before the homicide, and which was addressed to C. E. West, brother of the deceased; and because the court erred in failing to charge the jury the law applicable to involuntary manslaughter.

1. The motion for continuance was based on two grounds: 1st. That the accused had been confined in the common jail of the county since the 23d of April, 1898; that he was in feeble health, had been a sufferer from hemorrhoids for thirty years, accompanied by nervousness and indigestion; that the confinement had aggravated his complaint, and he was physically unable to assist counsel in the conduct of the case and to go through the trial of the case; and for these causes he had not had full opportunity to consult with his attorneys and prepare his case.

2d. Because of the absence of a material witness, John Bennett, by whom he expected to prove matters important to his defense, which are set out in full. The latter ground, however, was taken out of the case by an agreement in writing made by the solicitor-general, admitting that the absent witness, if present, would swear to the statements contained in the motion for continuance, with a further agreement that the State would not contest the truth of such statements, in accordance with the provisions of section 963 of the Penal Code. The question to be considered then is, was it error for the presiding judge to refuse to continue the case on the ground of the physical condition of the accused? We can not say it was. To the evidence submitted on the part of the movant, a counter-showing was made by the State. The question involved was one of fact, the truth of which it was the province of the judge to try. The accused was in his presence. He could determine in what apparent physical condition he was. The judge, from the sources of information afforded him, ruled the accused to trial, and we can not say that he erred. The motion was addressed to his sound legal discretion. It does not appear to have been abused. The evidence relating to the physical condition of the accused did not afford any reasonable expectation that he would, at any time in the future, be in a better condition than at the time he submitted his motion. There was no error in the ruling which calls for the interference of this court.

2. The second ground in the amended motion for new trial assigns error in that the court allowed a certain letter to be admitted in evidence when offered by the State, over the objection of defendant's counsel. The letter is not set out in the ground assigning error. This court has repeatedly ruled, that when evidence is admitted over objection, and error is assigned to such admission, the evidence must be stated in the ground of the motion. This is obviously the better practice. Indeed, it verges near the line of being absolutely necessary for a true and perfect identification of the evidence which was admitted. Courts ought not to deal with uncertainties, nor pass upon any question, when it does not clearly appear what was the subject-matter of the exception. The maxim, *id certum est quod certum*

*reddi potest*, ought not to be made applicable in cases of this character. If the exception is taken in the ground of the motion for a new trial, and the evidence excepted to is not set out in such ground but is referred to as being contained in the brief of evidence, it is not alone the inconvenience which it causes this court to search the brief of evidence to ascertain what is the objectionable matter, but it must always leave such matter, to a degree at least, uncertain. It is therefore not alone a question of practice whether this court will consider such exception, but can it do so when the substantial merits of the question involved are left in doubt? Hence, as before said, this court has ruled that it will not consider exceptions taken to the admission of evidence, unless such evidence is set out in the ground of the motion which contains the exception. One of the latest of such rulings is found in the case of *Herz* v. *Claflin Company*, 101 *Ga.* 617. See also *McElhannon* v. *State*, 99 *Ga.* 672. In the present case, a copy of the alleged letter which was admitted in evidence, to which admission exception was taken, is by this ground of the motion referred to as being contained in the approved brief of the testimony at the foot of page 76 thereof. A reference to the brief of evidence contained in the record discloses the fact that the brief of evidence ends on page 65, and there is no page 76 of the brief of evidence. And while we find in the brief of testimony, on another page, a letter which seems to meet the reference in the ground of the motion in other particulars, we are not at liberty to assume that a copy of a letter found upon another page of the brief than that designated contains the objectionable matter. This being true, it must be ruled that the ground of the motion is not properly taken, and can not be considered.

3. Another of the grounds of the motion alleged error on the part of the judge in failing to charge the jury the law relating to involuntary manslaughter. It is argued that the statement of the accused advances the theory that while he shot the deceased, he did not do so with any intent to kill him, that he did not intend to inflict any wound on him in a vital part of the body, but that his purpose in shooting was to disable the deceased from shooting him; and that such a theory

calls for a charge on the law of involuntary manslaughter, so that if the jury believe the statement in this regard they would be authorized to fix the grade of the homicide as that of involuntary manslaughter. The proposition is not a sound one. If one shoot another with an intent to wound or cripple him and without any intent to kill, other than is manifested by the act of shooting, but does kill, and there is no 'justification or excuse for the shooting, such killing will never be involuntary manslaughter. To intend even a slight personal injury and to inflict it without excuse involves malice. Killing another with a deadly weapon may be murder though there was in fact an intention not to kill. This is so because the law will, in the absence of excuse, presume or imply the intention to kill, even when to do so is contrary to the actual fact. The purpose of the law is to hold the slayer responsible for the consequences of this act, not the consequences which might have ensued, but those which did ensue. *Gallery* v. *State*, 92 *Ga.* 463; *Lanier* v. *State*, ante, 370. Should the effect of the shot, fired under such circumstances, be to wound but not to kill, then the intention with which the shot was fired becomes a material question, under an indictment for assault with intent to murder. But where one, without excuse or justification, shoots at another for the purpose of maiming or wounding him, and without any actual intention to kill the person at whom he fires, but the shot does produce death, the person so shooting is guilty of murder, because death ensued as the result of his act, and the killing being the natural result of the shooting, the slayer can not avail himself of the plea of want of intent to kill. There was no element of involuntary manslaughter shown by the evidence in this case. The accused will be held responsible for the consequences of his act. The shooting being shown to have been voluntary, the offense will not be reduced because other consequences might have ensued from such voluntary shooting.

4. The remaining ground of the motion for new trial is not certified to be true and correctly taken, by the presiding judge, and therefore, can not be considered. The evidence in the case shows the grade of homicide of which the plaintiff in

error was guilty to be murder, and that beyond any reasonable doubt or question; and the judgment refusing a new trial is

*Affirmed.     All the Justices concurring.*