EXLEY v. SOUTHERN COTTON OIL CO.

(Circuit Court, S. D. Georgia, E. D. February 14, 1907.)

**1. WATERS AND WATER COURSES—SURFACE WATERS—DRAINS—POLLUTION—PRIVATE NUISANCE.**

The discharge of acids and waste from an oil mill, and other offensive matter from outhouses used in connection therewith, into a ditch originally constructed for drainage of the land, and extending through the land of an adjoining owner, by which the latter suffers injury to his crops and from the offensive and unwholesome odors, constitutes a private nuisance, and gives the person injured a right of action for damages, under Ga. Civ. Code, 1895, § 3858.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Waters and Water Courses, §§ 55–61, 135.]

**2. NUISANCE—PRIVATE NUISANCE—GROUNDS OF ACTION—NEGLIGENCE.**

The creation and maintenance of a private nuisance, by discharging waste or filthy matter upon another's lands to his injury, is actionable, without regard to the question of negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Nuisance, §§ 5, 7.]

**3. WATERS—SURFACE WATERS—RIPARIAN OWNERS.**

The law of surface waters and rights of riparian proprietors discussed and distinguished.

**4. SAME—PLEADING.**

Whether or not the use made of a ditch by a landowner is reasonable is a conclusion of law, and the unreasonableness of such use need not be alleged in terms in an action for damages by an adjoining owner who is injured thereby, where the facts alleged taken in connection with what may naturally and proximately be deduced therefrom justify that conclusion.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Nuisance, § 113.]

**5. SAME—NOTICE.**

Under the law of Georgia, one who creates and maintains a nuisance is liable to any one who is injured thereby, and no notice of the harmful effects resulting from the nuisance, or request to abate the same, is necessary as a condition precedent to the maintenance of an action therefor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Nuisance, §§ 102, 103.]

**6. SAME—PLEADING—ALLEGATION OF DAMAGE.**

In an action for a private nuisance, a general allegation of damage is sufficient to entitle plaintiff to recover all damages that are the natural and necessary consequence of the nuisance; but where special damages are alleged, the allegations should be sufficiently specific to apprise the defendant of the items thereof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Nuisance, § 113.]

Action at Law for Damages. On demurrer to petition.

R. R. Richards and Cann, Barrow & McIntire, for plaintiff.
Garrard & Meldrim, for defendant.

SPEER, District Judge. The plaintiff's intestate brought this action against the defendant in the superior court of Chatham county, claiming damages in the amount of $32,045. Subsequently the proceeding was removed to this court by the defendant, who is a nonresident. The plaintiff alleges that he is the owner of a tract of land, comprising 65 acres, in said county; which land has been continuously used by him for farming purposes. In the body of said land lies an

area of low land, comprising about six acres, through which there runs a ditch for the purposes of drainage. This ditch connects with one running from the land of the defendant, and extends through the petitioner's land in a southeasterly direction to what is known as "Stiles Canal," which ultimately finds its outlet into the Savannah river. The plaintiff alleges that the six acres in question are the most fertile and valuable of his lands, that for over 20 years they have been cultivated in truck gardening, and that their productivity has now been destroyed, and the plaintiff greatly damaged, in manner alleged, by reason of the defendant running unclean water from its mill and plant into this ditch. A stream of polluted water is discharged through this medium upon plaintiff's land, and this water, it is alleged, is foul, hot, laden with chemicals, eats up the soil in the ditch, injures the adjacent land, and kills vegetation. The refuse thus discharged emits fumes and odors and unhealthy smells, making the atmosphere in the vicinity of said ditch and lowlands, for a considerable distance, corrupted, unwholesome, offensive, nauseating, and unhealthy, rendering the acts of the defendant a dangerous and continuing nuisance and a constantly recurring trespass on petitioner's land. It is also stated that the defendant company has connected privies with said ditch, through which fecal excrement from several hundred employés is discharged through and upon plaintiff's land. The plaintiff claims particular damages to his crops and other property, and alleges that although the attention of the company has been called thereto, it has continued to disregard his rights.

To this petition, the defendant has demurred both generally and specially, on the ground that the plaintiff has not made such a case as entitles him to any action at law as to the matters alleged, and has demurred on divers special grounds. The form of the petition is general and based upon the liberal system of pleading which obtains in this state. It is argued that, in order to avoid the effect of these demurrers, the form of action must be regarded as trespass quare clausum fregit; that such action lies only where the defendant "broke and entered the plaintiff's close," and as it contains no such allegation, the petition does not constitute such form. It is further insisted that there should be an averment that the acts complained of were committed with "force and arms," as essential to the gravamen of the action. The general demurrer also raises the question that the company has a right to the reasonable use and enjoyment of its property, and there is no averment that it has done more than exercise that right, and that, if its conduct causes damages to adjacent land, it is damnum absque injuria. It is contended that the right to discharge surface water cannot be interfered with; that the defendant has the right to increase its flow, and is not liable for resulting injuries unless caused by its negligence, unskillfulness, or wanton abuse; and that it is necessary for the plaintiff to show, not only that he has sustained damage, but that the defendant has caused the same by going beyond what is necessary to enable him to have the natural use of his own land. As this is not alleged in the petition, it is insisted that the general demurrer must be sustained.

The facts, as set forth, clearly allege the maintenance of a private nuisance. This under the Code of our state gives a right of action to the person injured. Civ. Code 1895, § 3858. "The right of enjoyment of private property being an absolute right of every citizen," section 3874 provides: "Every act of another which unlawfully interferes with such enjoyment is a cause of action." A nuisance is defined by Blackstone as "anything that worketh hurt, inconvenience, or damage to another." This ancient definition has been approved by the most recent decisions, and has been embodied in the Code of Georgia. When a nuisance, either public or private, is proved, it is no defense to show that reasonable care was taken to prevent it, as that the business from which the nuisance arises is conducted according to the most approved methods; nor is it excused by the fact that it arises from a business or erection of itself lawful, or that it is necessary to the operation of a business. 21 Enc. Law, pp. 688, 689; Chicago, etc., R. R. Co. v. First M. E. Church, 102 Fed. 85, 42 C. C. A. 178, 50 L. R. A. 488.

It is a primary rule that every person who constructs a drain or cesspool upon his own premises, and uses it for his own purposes, is bound to keep the filth collected there from becoming a nuisance to his neighbors. The maxim "sic utere tuo ut alienum non lædas" is generally applicable. If filth on a man's premises escapes, "either by percolating through the earth or otherwise, upon the premises of another, he is answerable for all the damages that ensue therefrom." Wood on Nuisances, §§ 118, 120. The draining of this ditch through the plaintiff's premises, although an easement, arising from its former use by plaintiff's brother—defendant's predecessor in title—solely for drainage purposes in agriculture in connection with one upon his own land, must be reasonably exercised for such purposes, so as not to produce unnecessary injury, annoyance, or nuisance to the servient tenement. A person exercising such right must not create a nuisance, and if his use be unreasonable, he is liable for any consequent damages. . Wood on Nuisances, § 118. "The pollution of water, or the maintenance of dams, drains, or ditches, in such a way as to emit disagreeable or unwholesome odors, is not only an actionable, but an indictable nuisance." Id. § 698. If waste or filthy matter be discharged on another's lands, the person causing the injury is chargeable with the maintenance of a nuisance, and the question of negligence is immaterial in determining whether the cause be actionable. Humphries v. Cousins, 2 C. P. D. 239; Snider Preserve Co. v. Beemon (Ky.) 60 S. W. 849.

It is difficult to see how the existence of a nuisance could be more strongly alleged than it is in this petition. The defendant company, by the maintenance of its plant and outhouses on its premises, required a drain for the removal of polluted chemical and foul excretory waste matter. Having a ditch upon its premises, it has utilized the connecting ditch running through the plaintiff's premises, although, as stated, it might, without inconvenience discharge this water and excrement through its own premises into the Savannah river. Under the property rules of this state, embodied in the Civil Code, these allegations constitute a clearly actionable case; nor is it necessary to specifically allege a breaking and entering of the plaintiff's close by force of arms.

The contention of defendant's counsel that the use of this ditch is a right which cannot be interfered with, as it is a reasonable use merely for the discharge of surface water, avoids the issue. While the company has a common law, and doubtless statutory, right, freely to discharge surface water from its own premises without regard to the rights of adjacent landowners, that is not the case at bar. Surface water, in legal contemplation, is that which arises from the sources of nature, such as streams, springs, and the like, and which comes from the ordinary tillage or use of the soil. Impurities, which are naturally added to such water, in the processes of husbandry, or in its reasonable domestic use, while being discharged from the owner's premises, would not operate to make a trespass or nuisance against an adjoining owner. But where it is alleged that this corporation persistently discharges the foul, polluted and poisonous water from its plant and outhouses through this ditch, there is no analogy to the doctrine of surface water, where in the excavation of his land, a farmer uncovers a spring, and is not required to recover it, lest the water reach his neighbor's land. The natural right of an owner of land, as held in Merrifield v. Worcester, 110 Mass. 216, 14 Am. Rep. 592, to have the water of a stream descend in its pure state, it is true must yield to the equal rights of owners above; but the law requires that each owner's use shall be reasonable, and not wanton, malicious, or destructive. Riparian rights often become gradually modified through industrial changes and the growth of communities. But the increasing necessities of manufacturing communities, located along the banks of a river, are essentially different from the use charged in the petition, where a small farm ditch, three feet wide and three feet deep, traversing private land, is utilized for purposes entirely foreign to its original construction, for the maintenance of a nuisance by discharging injurious and pestilential matter through its course to the injury of the health, comfort, and property of the plaintiff. Whether a use be reasonable or not is a conclusion of law, and the unreasonableness of such use need not be literally alleged, where all the facts in the petition, taken in connection with what may naturally and proximately be deduced therefrom, justify that conclusion. Assuming, as must be done, that the averments are true, it is obvious from a careful reading of the petition that the company made an unreasonable use of the plaintiff's ditch, and all questions of motive as to whether such use resulted from its negligence, unskillfulness, or wanton abuse, are immaterial, except to determine the question of punitive damages in a trial on the merits. The petition sets up a good cause of action, and the general demurrer is overruled.

The defendant's special demurrers attack the sufficiency in law of the several paragraphs of the petition; on the ground that these do not sufficiently itemize or state the special damages to the plaintiff's land, crops, bridges, stock, and cattle, the inconveniences suffered by reason of the alleged wrongful acts; and in addition attack the eighteenth paragraph, because it fails to inform the defendant of the time the alleged notice of the damages occasioned by the wrongful acts complained of was given, the name of the officer to whom given, and the manner of such giving.

The law on the subject of notice has been often announced in decisions by the Supreme Court of Georgia. In the early case of Bonner v. Welborn, 7 Ga. 312, it was held:

"There is no condition precedent to the recovery of the person injured in his property, or the use of it. The conclusion from these principles is irresistible, that he who does hurt or damage to another, in the use of his own property, is liable, without notice or request. There is but one exception to this rule, and that is, where the assignee of him who erected the nuisance is sued."

And, recently, in Southern Railway Co. v. Cook, 106 Ga. 453, 32 S. E. 586:

"One who, erects a nuisance, and also maintains the same, is liable to any one who is injured thereby, and no notice of the harmful effects resulting from the nuisance, or request to abate the same, is necessary to maintain an action against said person."

The court then recognizes a single exception. This is where the nuisance is pre-existing on land, the ownership of which has been vested in another, in which event the law requires notice to the new owner before an action is maintainable. There is no allegation in this petition of any change of ownership, and therefore no notice was necessary to entitle the plaintiff to a recovery.

The defendant also insists that the special damages suffered must fully appear in the petition. The ancient remedies at common law for a nuisance were by the writs quod permittat prosternere and assize of nuisance. But these forms are now obsolete, and have been superseded by action on the case, and in early Georgia cases, perhaps improperly by assumpsit. In action upon the case, "it is not necessary to prove any special damage, the plaintiff being entitled to a verdict for nominal damage at least, upon proving the nuisance." 21 Am. & Eng. Enc. Law, 712. This rule is recognized in Farley v. Gate City Gas Light Co., 105 Ga. 323, 31 S. E. 193, as follows:

"Where in the trial of an action to recover damages for a continuing nuisance, the jury find that the plaintiff has suffered no special damage, and yet find that a nuisance exists, a verdict for nominal damages is proper."

The principle is varied only in the case of public nuisances, where special injury and damage to the particular individual must be alleged. Civ. Code Ga. 1895, § 3859. But the right of action in the case of a private nuisance exists without such averment. Id. §§ 3860, 3807, 3910. Now, the plaintiff has here alleged that the ingredients discharged through the ditch in question "eats up the soil of said ditch and injures the land adjacent thereto, and kills all vegetation with which it comes in contact when the said ditch overflows, as it frequently does and covers the low lands" of petitioner. Without allegations of special damage other than this, were such facts sustained by proof, in connection with the allegations of nuisance, they would justify a verdict by a jury of at least nominal damages for the plaintiff. This is sufficient, for at least some recovery; but in addition, the plaintiff has in separate paragraphs itemized all the special damages alleged to have been suffered. "In an action for a private nuisance, a general allegation of damages is, as a rule, sufficient, and under it, the plaintiff may recover all damages that are the natural and necessary consequence

of the nuisance." 14 A. & E. Enc. Pl. & Pr. 1111. Under general allegations, all damages which are the ordinary and obvious consequence of the acts complained of are recoverable. 5 Enc. Pl. & Pr. 732. But, while in all the particular allegations of which the defendant claims he is entitled to notice, the detailed items declared upon are not essential to the existence of the plaintiff's cause of action, or his recovery thereon of general damages besides those special damages which naturally and directly flow from the alleged tortious acts—if ·those allegations are sustained by proof—yet in certain paragraphs, it would seem just to the defendant that he should be more exactly apprised of the items of special damage claimed.

The first paragraph of the special demurrer, to the effect that the allegations in the third and sixth paragraphs of the petition do not inform defendant with sufficient certainty of the area or location of the premises, is overruled. Minute detail of pleading in an action of this nature is not required, but may be proper matter for proof upon trial. This applies to the contentions also of the second paragraph of the demurrer, that the exact manner of the injury must be alleged, and of the third paragraph, that the number of bushels of beans, cabbages, and other vegetables destroyed should appear. This is alleged with ample fullness in the eighth paragraph; and, besides, the destruction of these growing crops is a direct and proximate damage from the alleged .wrongful use of the ditch, and under the rule stated need not be more exactly described. The second and third paragraphs of the special 'demurrer are overruled.

The ninth paragraph of the petition alleges that in 1902 petitioner "lost and was deprived of the use for farming purposes of 1½ acres of his said low land, which he was unable to plant on account of the conditions aforesaid" to damage in the sum of $280, "and lost his hay crop of two acres of said lowland" to damage in the additional sum of $90. It is not clear from the language used whether the hay crop lost was actual and growing, or only prospective. But the item of $280 in its present form is too remote to make a legitimate charge against the defendant, and the whole paragraph should be amended to a form more capable of computation. The adaptability of the land for a certain crop or crops, and the estimated values of the same, should be set out more definitely.

The same objection applies to the claim of $280 in the tenth paragraph of the petition. The damages sought are not proximate to the alleged injury, and the defendant ought to be put more fully on notice as to the character of the claims. It is alleged in the same paragraph that $700 were laid out and expended by petitioner "in planting and preparing crops upon the residue of six acres of said low land." As this is an actual direct loss, I deem it sufficiently alleged. But the item following, that "petitioner was damaged in the said year 1903 in the sum of $990, the net profits your petitioner would have realized and was entitled to from said crop, which was totally destroyed by the said wrongful acts of the defendant corporation above complained of," is too indefinite in its present form, and the facts upon which the estimate is made should be stated. Nor is it clear from the language

whether the crops were actually growing, or would have grown, what they were, the quantity, and manner of destruction.

The eleventh paragraph makes a general claim of $990, in that petitioner in 1904 "was unable to use any of the aforesaid six acres of low land for any purpose whatsoever." This is entirely too vague and speculative, and states neither the adaptability of the land for certain crops, the estimated quantities or values, or why petitioner "was unable to use" the land in question. The reason may be discovered only by a remote connection with other paragraphs of the petition.

The twelfth paragraph, which alleges prospective spring crops for 1905, fails to indicate their nature or values, or how petitioner was damaged in the sum of $750.

The thirteenth paragraph, claiming $1,050 damages for injury to two acres of land, while the cause of the injury is stated, is otherwise open to the objections of previous paragraphs.

The fourteenth paragraph alleges actual damages in the sum of $100 for the destruction of two bridges. The averments show that these damages were proximate to the nuisance complained of, are sufficiently full, and the ninth paragraph of the special demurrer is overruled.

The fifteenth paragraph alleges $1,000 damages to the petitioner, by reason of "great annoyance and inconvenience" from the circuitous route of getting from one part of his farm to the other by reason of said intervening ditch, and for loss of time. This will be maintained as it stands, and the tenth paragraph of the demurrer overruled.

The sixteenth paragraph alleging $400 damages, for the necessary penning up of plaintiff's cattle to keep them from drinking the refuse matter, claims damages reasonably proximate, and the eleventh paragraph of the demurrer as to the sufficiency of the same is overruled.

The seventeenth paragraph claims $20,000 damages for the impairment "of the productiveness and fertility of about eight acres of petitioner's land," alleging that "it will be about 20 years after said nuisance is abated * * * before said land will be restored to the condition in which it was before said defendant corporation committed the acts complained of." This is too remote and uncertain as it stands, and the basis of so large an estimate from the present damage claimed ought to be more fully set forth. As it stands, it is open to the objection of being the mere expression of opinion and conclusion on the part of the pleader.

The eighteenth paragraph claims $5,000 damages, by reason of the willful, unlawful, and wrongful acts of the defendant, in spite of notice to desist therefrom. The foundation for vindictive or punitive damages is properly laid, the injury to health, the discomfort, and the consequences of the alleged nuisance are in detail set out, and the paragraph is not open to the objections raised by the thirteenth paragraph of the demurrer.

The general demurrer is overruled, and the special demurrer sustained, only in respect to the particular items indicated, which may be amended as suggested, in order that the defendant may be more fully apprised of the nature of those damages claimed.