## 57065. DASHER v. THE STATE.

SHULMAN, Judge.

On August 21, 1974, an indictment was returned against appellant for conspiring to commit murder, in violation of Code Ann. § 26-3201. Based on the accused's physical condition, various defense motions for continuance have been granted from term to term. On September 1, 1978, in response to defense motions for an indefinite continuance and for dismissal of the indictment for want of a speedy trial, the trial court entered an order denying the motion to dismiss and further providing that "there shall be no further continuances granted in this case for medical reasons unless there is competent medical evidence before the Court that Defendant's condition will improve and that he would be, in the opinion of the medical experts, better able to stand trial at the next succeeding term of court." We granted application for interlocutory review to consider the court's order.

1. The trial court properly denied the motion to dismiss for want of a speedy trial. *Powell v. State,* 143 Ga. App. 684 (1) (239 SE2d 560); *Gibbs v. State,* 235 Ga. 480 (2)

(220 SE2d 254).

2. We decline, at this time, to consider that portion of the court's conditional order denying further continuances. As there is no way of knowing whether competent medical evidence will show that the accused will be better able to stand trial at the next succeeding term of court, the issue is not ripe for appellate review. In connection with the trial court's order, see generally 66 ALR2d 232.

*Judgment affirmed. McMurray, P. J., concurs. Deen, C. J., concurs specially.*

ARGUED JANUARY 8, 1979 — DECIDED APRIL 30, 1979.

Joseph B. Bergen, John J. Sullivan, for appellant.
*Dupont K. Cheney, District Attorney, Kenneth R. Carswell, Assistant District Attorney,* for appellee.

DEEN, Chief Judge, concurring specially.

I concur fully with what is said in the majority opinion but would like to make an additional comment as to the First Division.

Appellant affirmatively advances and articulates providential power and cause in justifying, seeking and obtaining term to term continuances, and in slowing down and delaying his day in court. Subsequently, the same power and cause beyond the secular and natural, the providential supernatural processes, is invoked to now insulate and protect appellant from his day in court, contending he has been denied his higher law of immutable Sixth Amendment rights of due process and speedy trial. To sustain appellant's ambidextrous double barrel or standard defense would be overworking, double use, misuse and abuse of the providential powers beyond the natural to obtain one's own secular use. He cannot have his cake and eat it too. Therefore, we must affirm.