## 60763. DASHER v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was indicted in 1974 for conspiracy to commit murder. Several continuances were granted to appellant because of illness. In 1978, the trial court entered an order denying a motion to dismiss for lack of a speedy trial, noting that all the continuances in the case had been granted at appellant's behest. In the same order, the trial court ruled that no further continuances would be granted unless appellant showed that he would be able to stand trial at the next term. This court declined to review that ruling, finding the issue not ripe for decision. *Dasher v. State,* 149 Ga. App. 740 (256 SE2d 106).

At the hearing on the next motion for continuance, the evidence showed that appellant's physical condition was not likely ever to improve and that he could not stand the stress of being put on trial. The trial court denied that motion and set the case down for trial. Appellant did not appear at trial. By counsel, he presented a renewed motion for continuance. That motion was based on a contention that appellant was mentally and physically incapacitated to such a degree that he was unable to attend trial or cooperate with counsel in preparing his defense. The trial court denied the renewed motion and conducted the trial in appellant's absence. The jury found appellant guilty and the court sentenced him to five years imprisonment, probated upon payment of a fine of $2,000.

1. "Absent a showing of an abuse of discretion, this court will not reverse a trial court's refusal to grant . . . a continuance [cit.] . . ." *Jackson v. State,* 145 Ga. App. 526, 527 (244 SE2d 49). Considering all the circumstances of this case, we find no such abuse of discretion.

The evidence relevant to this issue is not in dispute. Appellant is seriously ill. The uncontradicted testimony is that his health will continue to deteriorate. All the medical witnesses were unanimous in their advice that appellant not attend trial; they all agreed that the strain would very likely kill him. Under those circumstances, the trial court was left with only two options: it could grant appellant an indefinite continuance, amounting to a dismissal of the serious charges laid against him by the grand jury; or it could order the case to trial and leave to appellant the decision of whether to risk his life by attending the trial. Appellant's physical condition can in no way be attributed to the state. So, while it may not fairly be said that appellant bears any culpability for his illness, neither may it be said that the state has in any way prevented appellant from appearing and defending himself. We are not willing to hold that in circumstances such as these, where appellant's ability to withstand the rigors of trial

will never improve, the machinery of justice must grind to a halt.

There is precedent in Georgia for refusing a continuance when it appears that the defendant will not be in better condition at the next term. *Stovall v. State,* 106 Ga. 443 (1) (32 SE 586); *Quattlebaum v. State,* 119 Ga. 433 (9) (46 SE 677); *Gunter v. State,* 63 Ga. App. 65 (2) (10 SE2d 264). Appellant has attempted to distinguish those cases on their facts, pointing out that the defendants in *Stovall* and *Gunter* were before the court so that the trial judge could observe their conditions and make factual decisions, and that the defendant in *Quattlebaum* was confined to jail. Appellant, on the other hand, was on bail and never appeared before the court. We recognize the factual distinctions raised by appellant but do not believe that they render inapplicable to this case the principles of law enunciated in the cases cited. There was evidence presented to the trial judge which demanded a conclusion that appellant was sick and would not recover. The trial judge was faced with a policy question. We believe he chose the correct policy and find no error in the rejection of appellant's chief ground in his motions for continuance, his inability to attend court because of his poor health. "The judge exercised a humane and legal discretion: there was no plea of present insanity; the defendant's misfortune would not relieve him of liability to be tried; it did not appear that he would be better able to go to trial at a subsequent term . . ." *Quattlebaum,* supra, p. 434.

2. Appellant contended at trial and continues to assert on appeal that he was denied effective assistance of counsel. The basis for this argument is a claimed inability of appellant to assist his counsel in the preparation of his defense. We find no basis for reversal on this issue.

Appellant's counsel testified that he was unable to secure appellant's cooperation. Counsel said that when appellant was pressed for detailed answers to questions about the case, he would become agitated and merely repeat, until he became too ill to continue the interview, that he was not guilty. On the other hand, there was medical testimony that appellant, while confused at times, had periods of complete lucidity. In our view, counsel's testimony permits an inference that appellant's noncooperation was volitional. In view of that inference and the medical testimony, we find the trial court's rejection of this ground of appellant's motion for continuance to be supported by the evidence. Since there was no special plea of insanity filed, the trial court committed no error in making its own determination against the validity of appellant's claim, in a motion for continuance, that he was unable to cooperate with counsel. See *Ricks v. State,* 240 Ga. 853 (1) (242 SE2d 604).

3. Appellant has enumerated five alleged errors: denial of the

renewed motion for continuance; denial of effective assistance of counsel; trial in absentia without a waiver of his right to confront witnesses against him; sentencing in absentia without a waiver of the right to be present; and denial of a motion for a new trial based on the four grounds enumerated. Analysis of those alleged errors presents but two issues, the validity of the two grounds asserted in support of appellant's motion for continuance. If there was no error in refusing the continuance, appellant's absence was voluntary and he may not complain of being tried and sentenced in absentia. See *Barton v. State,* 67 Ga. 653. If the trial court did not abuse its discretion in determining that appellant was not so mentally incapacitated that he could not assist counsel in his defense, then appellant was not denied effective assistance of counsel.

This court is not unsympathetic with regard to appellant's unfortunate illness. However, we must remain mindful of the necessity of maintaining uniform procedures and practices in trial courts. Pending cases must proceed to trial and disposition. Appellant's illness, painful and debilitating as it must be, does not relieve him of criminal liability. That being so, we see no reason, short of circumstances which would support a special plea of insanity, to hold that appellant was not subject to trial and, upon conviction, sentencing. Appellant's decision to remain away from the trial was his own, no doubt reached after consultation with his medical advisors. That decision was, nonetheless, voluntary and does not require the reversal of his conviction.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

Decided February 25, 1981 —

*Joseph B. Bergen, John J. Sullivan,* for appellant.
*Dupont Cheney, District Attorney,* for appellee.