**Remer J. DASHER, Respondent,**

v.

**Norman STRIPLING, Probation Officer, Petitioner.**

**No. 81–7441.**

United States Court of Appeals, Eleventh Circuit.

Sept. 7, 1982.

Arthur K. Bolton, Atty. Gen., Robert S. Stubbs, II, Executive Asst. Atty. Gen., Don A. Langham, 1st Asst. Atty. Gen., John C. Walden, Sr. Asst. Atty. Gen., William B. Hill, Jr., Asst. Atty. Gen., Atlanta, Ga., for petitioner.

Joseph B. Bergen, John J. Sullivan, Savannah, Ga., for respondent.

Before TJOFLAT, HILL and ANDER-SON, Circuit Judges.

TJOFLAT, Circuit Judge:

## I.

Remer Dasher was indicted in 1974 by a grand jury in Long County, Georgia, on a charge of conspiracy to murder his wife. The state trial court, granting a succession of defense motions based on the defendant's precarious health, continued his trial from term to term for four years. In September 1978, the trial court ruled that no further continuances would be granted on account of Dasher's illness unless competent medical evidence showed that his health would likely improve so that he could stand trial in the next term. At a subsequent hearing on another motion for a continuance, unchallenged expert testimony established that Dasher suffered from a severe heart condition, that his attendance at trial would imperil his life, and that his deteriorating health would not improve. There being no showing that Dasher would be better able to stand trial in the future, the court denied the continuance.

When the case was assigned for trial on January 22, 1980, Dasher sought writs of mandamus and prohibition in the Supreme Court of Georgia to require the trial court to continue the case until he was able to attend. Relief was denied. Dasher then moved the trial court in limine for a continuance on the ground that he lacked sufficient mental and physical ability to cooperate in his defense and to stand trial. The motion was denied. As the trial commenced in Dasher's absence, his attorney announced that he was not ready to proceed and that, because of Dasher's inability to attend and to assist in his defense, counsel could not effectively represent him. The grounds of the motion in limine and the related announcement at the outset of the trial were substantially identical to those that had supported the previous motions for continuance. The additional argument that

Dasher could not be effectively represented rested on counsel's statement that when questioned about the case, Dasher responded incoherently and nonsensically, paled, and appeared on the verge of a coronary attack. These representations were corroborated by Dasher's physician, who testified that Dasher's malady produced intermittent mental dysfunction.

The trial proceeded in the defendant's absence, and the jury convicted him of conspiracy to murder his wife. On May 13, 1980, Dasher was sentenced, again *in absentia* and over the objections of counsel, to five years' imprisonment, with the stipulation that the sentence be served on probation provided he pay a $2,000 fine. The conviction and sentence were affirmed by the Court of Appeals of Georgia, *Dasher v. Georgia*, 157 Ga.App. 664, 278 S.E.2d 465 (1981), and the Georgia Supreme Court denied certiorari.

Represented by the same counsel who had represented him at trial, Dasher filed in the district court a petition for writ of habeas corpus, alleging that his trial *in absentia* violated his sixth and fourteenth amendment rights to be confronted with the witnesses against him and to the effective assistance of counsel. The court sustained both claims and granted the writ. We vacate the order of the district court and remand for further proceedings.

## II.

The right of an accused to be present at his trial draws on two constitutional sources. In *Hopt v. People of the Territory of Utah*, 110 U.S. 574, 579, 4 S.Ct. 202, 205, 28 L.Ed. 262 (1884), the Supreme Court held that the due process clause of the fifth amendment requires the defendant's attendance at trial. This fifth amendment right was declared applicable to the states in *Snyder v. Massachusetts*, 291 U.S. 97, 107–108, 54 S.Ct. 330, 333, 78 L.Ed. 674 (1934). More recently, the Supreme Court has stated that the confrontation clause of the sixth amendment, which also applies to the states, *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), guaran-

tees the right of an accused to be "in the courtroom at every stage of his trial." *Illinois v. Allen*, 397 U.S. 337, 338, 90 S.Ct. 1057, 1058, 25 L.Ed.2d 353 (1970). While the accused's right to be present at trial has roots in both the confrontation clause and in due process, Dasher, in both the Georgia and the federal courts, has relied solely on the confrontation clause, as did the district court in its order.

■ Although a defendant may waive his right of confrontation by his voluntary absence from trial, *see, e.g., Taylor v. United States*, 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973); *United States v. Benavides*, 596 F.2d 137 (5th Cir. 1979); *Smith v. United States*, 357 F.2d 486 (5th Cir. 1966), there was no waiver here. Dasher's inability to attend his trial is not in dispute. The record shows, and the state concedes, that Dasher's attendance would have seriously jeopardized his life. Absent waiver, the district court was squarely faced with the question whether the sixth amendment right to confrontation absolutely prohibits a state from trying a defendant who is physically unable to attend trial. The court concluded that the defendant's right to be present at all stages of his trial, absent a voluntary waiver, is absolute. So holding, the court erred, for it should have required the defendant to show that he was prejudiced by his absence from the trial. We infer this requirement of prejudice from a line of cases holding that for a defendant's absence from trial to constitute a violation of due process, prejudice must be shown, and from a comparison of the policies underlying the rights secured by the confrontation and due process clauses, which demonstrates that the requirement of a showing of prejudice is, if anything, more compelling in the sixth amendment context.

In *Snyder v. Massachusetts*, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1933), Justice Cardozo stated for the Court that due process does not assure "the privilege of presence when presence would be but a shadow," and that the defendant has a constitutional right to be present at trial "to the extent that a fair and just hearing would be

thwarted by his absence, and to that extent only." *Id.* at 106–108, 54 S.Ct. at 332–33. Similarly, in *Faretta v. California,* 422 U.S. 806, 819 n.15, 95 S.Ct. 2525, 2533 n.15, 45 L.Ed.2d 562 (1975), the Court stated that due process assures the criminal defendant only the "right to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings . . . ." *See also United States v. Veatch,* 647 F.2d 995, 1003–4 (9th Cir. 1981) (because defendant was not prejudiced by his absence from pretrial conference, his absence did not violate due process); *United States v. Brown,* 571 F.2d 980, 986 n.5 (6th Cir. 1978).

■ *Snyder, Faretta, Veatch,* and *Brown* stand for the proposition that to establish that his absence from trial violated *due process,* a criminal defendant must show prejudice. This principle applies with even greater force when the defendant claims that his absence from trial constituted a denial of his right of confrontation. The rights assured by the confrontation clause are extended to protect the integrity and reliability of the trial mechanism. *See, e.g., Ohio v. Roberts,* 448 U.S. 56, 65, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980) (underlying purpose of confrontation clause is to augment accuracy in the fact-finding process by ensuring the defendant an effective means to test adverse evidence); *Dutton v. Evans,* 400 U.S. 74, 89, 91 S.Ct. 210, 220, 27 L.Ed.2d 213 (1970) (mission of confrontation clause is to advance practical concern for the accuracy of the truth-determining process in criminal trials); *United States v. Amaya,* 533 F.2d 188, 190 (5th Cir. 1976), *cert. denied,* 429 U.S. 1101, 97 S.Ct. 1125, 51 L.Ed.2d 551 (1977) (primary object of confrontation clause is to permit personal examination and cross-examination of a witness by defendant). The due process right to be present at one's trial, on the other hand, is extended in significant part to advance society's interest in preserving the forms of trial. *Badger v. Cardwell,* 587 F.2d 968, 978 (9th Cir. 1978). As the Fourth Circuit has stated, the due process right to be present

> [assures] . . . the opportunity to observe —and, it is to be hoped, to understand— all stages of the trial not involving purely legal matters generally incomprehensible to the layman in order to prevent the loss of confidence in courts as instruments of justice which secret trials would engender.

*United States v. Gregorio,* 497 F.2d 1253, 1258 (4th Cir.), *cert. denied,* 419 U.S. 1024, 95 S.Ct. 501, 42 L.Ed.2d 298 (1974) (footnotes omitted). If due process, despite the importance it attaches to the appearance of fairness, is offended by a defendant's absence from trial only when it operates to his prejudice, the same must be true of the right of confrontation, whose aim is more purely practical. We hold, then, that a defendant who is convicted and sentenced *in absentia* is not entitled to habeas corpus relief on confrontation grounds absent a showing of prejudice.[1]

The district court's order includes no finding that Dasher was prejudiced by his trial *in absentia.* Thus, the order must be vacated insofar as it was premised on the ground that Dasher was denied his right of confrontation. Normally, we would remand with the instruction that the district court determine on the present record whether the requisite showing of prejudice was made. In this case, however, the court must conduct an additional hearing at which evidence of prejudice may be presented. We permit such a hearing in this case for two reasons. First, the district court's apparent belief that prejudice need not be shown may well have discouraged Dasher's counsel from attempting such a showing. Second, to the extent that the

1. On habeas corpus, the question is whether the petitioner is in custody in violation of the federal constitution, laws, or treaties. *See* 28 U.S.C. § 2254(a) (1976). On direct review of a criminal conviction, on the other hand, we additionally consider, *inter alia,* the correctness of the trial court's rulings. Thus, our holding does not exclude the possibility that on direct review, we would reverse as an abuse of discretion a district court's refusal to grant a motion for continuance based on the defendant's temporary inability to attend trial, even absent a showing of prejudice.

record does contain intimations of prejudice, it is only through the representations of Dasher's attorney. As we shall discuss in the following section, it was not proper for Dasher's advocate to serve also as his principal witness on habeas corpus. As we are unwilling to countenance a proceeding in which the attorney is also chief witness, we cannot permit the district court to ascertain on this record whether prejudice has been shown.

### III.

The argument in support of Dasher's ineffective assistance of counsel claim is that the effects of his physical condition so impaired his ability to reason and to communicate with his lawyer as to preclude effective assistance. The district court concluded that the evidence showed that Dasher's "physical condition is so severe that significant impact on his mental capacities would seem unavoidable," and that, particularly in light of counsel's representations concerning Dasher's inability to discuss the case, the ineffective assistance claim was valid. Thus, the court's holding that Dasher was denied the effective assistance of counsel rested in large part on counsel's statements that Dasher was too ill or too easily upset to discuss the case coherently.

The disciplinary rules of the American Bar Association Model Code of Professional Responsibility provide that a lawyer shall not accept or continue employment in litigation if he knows or it is obvious that he ought to be called as a witness in the case.[2] The underlying ethical consideration states in relevant part:

> If a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness. Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively.

Model Code of Professional Responsibility, EC 5–9 (1979).

As the ethical consideration suggests, even in the "usual" case the advocate as witness poses myriad threats to the integrity and reliability of the judicial process. Those difficulties multiply when the lawyer testifies to his own ineffectiveness. The importance of the lawyer's credibility as a witness, and the necessity of an opportunity effectively to cross-examine him, increase when the lawyer testifies that his client was deprived of the effective assistance of counsel. Furthermore, there may arise in such an instance issues not only of credibility and effective advocacy, but of potentially differing interests of the lawyer and his client.

---

**2.** Disciplinary Rule 5–101(B) provides:

A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:

(1) If the testimony will relate solely to an uncontested matter.

(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.

(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.

Disciplinary Rule 5–102(A) provides:

If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4).

There is no question that none of the first three exceptions applies, and there is no indication in the record that the fourth does.

We need not parade all the horribles presented by the advocate as witness in the context of an ineffective assistance of counsel claim to conclude that the phenomenon poses so substantial a threat to the reliability and integrity of the judicial process that it cannot be countenanced. In this case, the attorney who briefed and argued Dasher's case on habeas was the embodiment of virtually all the evidence on the ineffective assistance of counsel claim. Although there was other evidence that Dasher's physical ailment affected his mind, that evidence showed at most that Dasher had alternating periods of mental dysfunction and lucidity. *All* the evidence that Dasher was unable to communicate with counsel, and *all* the evidence concerning the impact of this inability on the defense was supplied by counsel.

█ Resting as it did on counsel's representations, the district court's order cannot stand. We therefore vacate its judgment that Dasher was denied the effective assistance of counsel. On remand, represented by another attorney, Dasher may present the claim that he was denied the effective assistance of counsel.[3]

VACATED and REMANDED.

JAMES C. HILL, Circuit Judge, dissenting:

It is difficult to find fault with the reasoning of the majority opinion except that the syllogistic exercise reaches, in my opinion, the wrong result.

Mr. Dasher, a defendant in a criminal proceeding, is constitutionally entitled to be present at his trial, and, there, to confront his accusers. *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). That right may be waived, but as the majority states, "there was no waiver here." No one disputes that Dasher protested being tried in absentia and none dispute that he was physically unable to attend the trial that was conducted.

I am aware of no precedent that permits accusing witnesses to be examined and cross-examined before the court and jury during the unwilling absence of the defendant. The majority finds some exceptions to the rule giving effect to confrontation rights. There are some proceedings in court involving the prosecution which may proceed without the defendant's physical presence when no prejudice results therefrom. The majority permits these limited exceptions to gobble up the rule. It will not do to reason that, because a proceeding such as a pretrial conference may be conducted without the defendant's presence, absent prejudice, the entire trial may be, as well. It is prejudice enough that a witness in a trial proceeding may accuse without looking at the defendant he accuses.[1]

**3.** Counsel's dual role aside, the district court's admitted "difficulty in evaluating counsel's arguments with respect to Mr. Dasher's mental condition and his ability to assist in the preparation of his defense" is understandable. A mental impairment that makes it impossible for a criminal defendant to assist in his defense is, properly, the basis of a due process claim of incompetence to be tried. *See, e.g., Dusky v. United States*, 362 U.S. 402, 403, 80 S.Ct. 788, 789, 4 L.Ed.2d 824 (1960); *Davis v. Alabama*, 545 F.2d 460, 463 (5th Cir.), *cert. denied*, 431 U.S. 957, 97 S.Ct. 2682, 53 L.Ed.2d 275 (1977). Such a claim has never been advanced in this case, either in the state courts or in these habeas corpus proceedings. Arguably, the sixth amendment claims that Dasher did advance assumed his competence to stand trial, since the defendant's competence is a prerequisite to trial, and only at trial do the rights to confront witnesses and to be effectively represented have meaning. In any event, to the considerable extent that Dasher's claim of inef-

fective assistance relied on his alleged mental dysfunction, his attorney's failure to raise the issue of competence may itself have constituted ineffective assistance. Since we cannot anticipate how Dasher's claim will be presented on remand, we need not decide whether the claim that counsel was ineffective because of the defendant's inability to communicate with counsel is foreclosed by the failure to raise squarely the issue of Dasher's competence to stand trial. Likewise, we do not address the question whether a claim of ineffective assistance of counsel can be made out *solely* on evidence that the defendant was too incompetent to assist counsel.

**1.** There are cases where an objective observer would correctly conclude that the presence of the defendant prejudices the defense, and voluntary absence would assist defense counsel. Yet, if the defendant wishes to attend, he has a constitutionally protected right to do so. A

It may be, under my view of the law, that the onset of disease may prevent the trial of an accused. But death also does, as does mental incapacity. Both the disease and the frustration of prosecution are to be regretted, but must be accepted.

I do not intend to suggest that a defendant may feign illness—or even voluntarily contract an illness—to escape prosecution. The court may inquire into the bona fides of the situation. Absence for such causes would be voluntary and would constitute a waiver of defendant's right to be present.

No question has been raised as to the bona fide existence of Dasher's physical infirmity. I would affirm the grant of the writ of habeas corpus.

surreptitiously conducted trial in his absence could not, I apprehend, be validated by proof that the defendant stood a better chance of acquittal by jurors who did not see him than by those who did.