### S01A0242. SOUTHERN HEALTHCARE SYSTEMS, INC. v. HEALTH CARE CAPITAL CONSOLIDATED, INC. et al.
(545 SE2d 882)

THOMPSON, Justice.

Southern Healthcare Systems, Inc. ("SHS"), a non-profit Louisiana corporation, owns several long-term health care facilities in Tennessee, Texas, and Kentucky. In 1990, it entered into agreements with Health Care Capital, Inc. ("HCC"), a Georgia corporation, to manage the facilities. In connection therewith, SHS gave HCC a promissory note in the amount of $3,000,000. Because SHS was already indebted to other lenders at that time, the note was subordinated to the other loan agreements.

A provision of the subordinated note reads: "[T]he holder of this note shall have the right to approve its successor manager, as well as any subsequent manager to be appointed during the term of this

note." This provision became the focus of controversy when SHS terminated the management agreements and began to manage the facilities itself. At that point, HCC's successors, Health Care Capital Consolidated, Inc. and others (hereinafter referred to as "HCCC" or "plaintiffs") brought suit in the Superior Court of DeKalb County to enjoin SHS from operating the facilities itself, and to require SHS to obtain HCCC's approval as to the manager of the facilities. SHS answered the complaint and plaintiffs moved for summary judgment. Following a hearing, the superior court entered an order granting plaintiffs the relief they sought. SHS appealed.

1. In its first enumeration of error, SHS asserts the superior court erred in failing to dismiss this action for lack of personal jurisdiction. We disagree.

SHS communicated with HCC in Georgia, and retained a Georgia attorney to represent its interests when it negotiated the terms of the subordinated promissory note. Moreover, the management agreements required SHS to give HCC notice of termination in Georgia; and the note provided that Georgia law would govern disputes between the parties. Given these purposeful contacts, it is clear that SHS potentially invoked the protection of the laws of Georgia. *Ga. R. Bank &c. Co. v. Barton*, 169 Ga. App. 821 (315 SE2d 17) (1984). It follows that the exercise of jurisdiction over SHS offends neither reasonableness, nor fair play, nor substantial justice. Id.

2. It cannot be said that the superior court clearly abused its discretion in refusing to continue the hearing on the motion for summary judgment. See *Calcutta Apts. Assocs. v. Linden & Deutsch*, 131 Ga. App. 743, 744 (1) (206 SE2d 559) (1974). The mere possibility that SHS may have discovered additional facts was not enough to require postponement. *Herring v. R. L. Mathis Certified Dairy Co.*, 121 Ga. App. 373, 376 (2) (173 SE2d 716) (1970).

3. The fact that plaintiffs did not produce the original promissory note is of no consequence. On motion for summary judgment, a party is not required to put original documents in the record. See *Glisson v. Morton*, 203 Ga. App. 77 (2) (416 SE2d 134) (1992).

4. The promissory note gives HCCC the right to approve managerial changes. Although the note is subordinated to SHS's other loan agreements, the "approval" provision of the note remains in force. Nothing in the note, which was executed in contemplation of the other loan agreements, suggests otherwise.

5. The senior lenders are not indispensable parties to this lawsuit. They are not necessary for a just adjudication of the merits of this action, and their presence is not required for complete relief. See *Halta v. Bailey*, 219 Ga. App. 178, 179 (464 SE2d 614) (1995). Besides, in its order shaping relief, the superior court gave the senior lenders a role in the approval process by requiring plaintiffs to

approve a manager of the facilities in conjunction with the senior lenders.

6. A party cannot resort to equity if an adequate legal remedy is available. *Besser v. Rule*, 270 Ga. 473 (510 SE2d 530) (1999). However, "adequate legal remedy" does not mean any legal remedy. The legal remedy must be " 'adequate,' i.e., 'as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity.' " *Sherrer v. Hale*, 248 Ga. 793, 797 (2) (285 SE2d 714) (1982). Plaintiffs want to exercise their contractual right to approve SHS's managerial selection. Since they have no *adequate* legal remedy to enforce that contractual right, plaintiffs are entitled to an equitable remedy.

7. SHS asserts that the superior court erred in awarding equitable relief because plaintiffs cannot demonstrate that they will suffer monetary harm in the absence of such relief. This assertion is without merit. If plaintiffs could show monetary harm they would have an adequate legal remedy. It is the plaintiffs' very inability to show monetary damages that enables them to seek equitable relief. See *Besser v. Rule*, supra.

8. Finally, SHS contends that equitable relief is inappropriate because HCCC brought suit for an improper purpose and has acted in bad faith. We disagree. HCCC's motive for bringing suit is of no import since HCCC merely seeks to enforce a provision of a contract which it is entitled to enforce. See *Southern Business Machines of Savannah v. Norwest Financial Leasing*, 194 Ga. App. 253, 256 (390 SE2d 402) (1990).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 30, 2001 —
RECONSIDERATION DENIED JUNE 4, 2001.

*Morris, Manning & Martin, John P. MacNaughton, Robert C. Threlkeld, Gregory O. Shenton, Schaneville, Baringer & Meltzer, Dale R. Baringer, Donald M. Meltzer, Jeff W. Traylor, James S. Holliday, Jr., Evest A. Broussard III*, for appellant.

*Heyman & Sizemore, William B. Brown, Owens, Clary & Aiken, Leighton Aiken*, for appellees.