S02A0640, S02A1137. SOUTHERN HEALTHCARE SYSTEMS, INC. v. HEALTH CARE CAPITAL CONSOLIDATED, INC. et al. (two cases).
(563 SE2d 132)

CARLEY, Justice.

In *Southern Healthcare Sys. v. Health Care Capital Consolidated,* 273 Ga. 834 (545 SE2d 882) (2001), this Court affirmed the trial court's order enjoining Southern Healthcare Systems (SHS) from managing its own health care facilities and requiring it to obtain HCCC's approval of a third-party manager of the facilities. Because HCCC are the junior lenders, the note evidencing the indebtedness owed to HCCC by SHS was subordinate to that held by the senior lenders, including Bank One. Bank One is not a party to the lawsuit, but the trial court gave it "a role in the approval process by requiring [HCCC] to approve a manager of the facilities in conjunction with the senior lenders." *Southern Healthcare Sys.,* supra at 835-836 (5).

Notwithstanding our affirmance of the trial court's order, SHS continued to manage the facilities, at the apparent insistence of Bank One. Accordingly, HCCC filed a motion for contempt. After conducting a hearing, the trial court concluded that Bank One was a "stumbling block" to SHS's compliance and that, by refusing to participate in the selection of an independent manager, the senior lender

---

[4] *Byrd v. State,* 257 Ga. 36, 37 (354 SE2d 428) (1987).
[5] *Byrd,* 257 Ga. at 37.

had "effectively written itself out of the management selection process." Citing OCGA §§ 9-8-1 and 23-4-31, the trial court ordered SHS and HCCC to reach an agreement on naming an independent manager or, in the event they did not, a receiver would be appointed to manage SHS's assets. SHS filed this appeal from that order.

Subsequently, the trial court, noting that there was no supersedeas of its ruling, entered an order compelling SHS to negotiate a management contract with Magnolia Management Corporation (MMC) within a few weeks and to execute an agreement with that third-party manager by then if mutually agreeable terms could be reached. SHS then moved this Court for supersedeas, and we granted a stay in order to prevent the issues from becoming moot. See *Jackson v. Bibb County School Dist.*, 271 Ga. 18 (515 SE2d 151) (1999).

1. SHS urges that the "law of the case" precludes the trial court from ousting Bank One from any participation in the selection of the independent manager. Under that principle, the ruling in *Southern Healthcare Sys.*, supra, is binding in all subsequent proceedings in this case, both in the trial court and in this Court. *Jebco Ventures v. City of Smyrna*, 259 Ga. 599, 601-602 (1) (385 SE2d 397) (1989).

As noted, the original order did provide that Bank One would have a role in the naming of the third-party manager. However, that participation was authorized solely in recognition of Bank One's status as a senior lender. "The senior lenders are not indispensable parties to this lawsuit. They are not necessary for a just adjudication of the merits of this action, and their presence is not required for complete relief." *Southern Healthcare Sys.*, supra at 835 (5). The senior lenders were allowed only to participate in the selection process, and the grant of an injunction against SHS's management of its own facilities was not made contingent upon their approval of the third-party manager. Thus, the "law of the case" clearly establishes that Bank One does not have veto power over the selection of the independent manager of SHS's facilities and that HCCC need only name a new manager by acting "in conjunction with" the senior lender. *Southern Healthcare Sys.*, supra at 836 (5).

HCCC, as the party-plaintiffs, have fully complied with that mandate by seeking the senior lenders' input in the naming of the third-party manager. However, after conducting the contempt hearing, the trial court found that Bank One declined to participate in the selection process. The validity of that finding is not disputed. Under these circumstances, the trial court correctly found that only SHS remained a participant in the process.

2. Several enumerations relate to the receivership issue. However, the trial court's order does not actually name a receiver, but makes any such appointment entirely contingent upon a subsequent

failure of HCCC and SHS to come to agree on the selection of a third-party manager. Should those parties not agree on the naming of MMC or another manager, the trial court presumably will conduct a hearing at that time and appoint a receiver. Either party can appeal from the order that is entered then. OCGA § 5-6-34 (a) (4). At the present time, however, the appointment of a receiver is completely hypothetical. See *Dasher v. State*, 149 Ga. App. 740, 741 (2) (256 SE2d 106) (1979). "This court will not consider . . . hypothetical questions." *Goodyear v. Trust Co. Bank*, 247 Ga. 281, 284 (1) (276 SE2d 30) (1981).

Accordingly, all issues dealing with the appointment of a receiver will be addressed only in the event that one is eventually named if a timely appeal is filed from the order which does so. Our decision today is necessarily limited to a consideration of the final order discussed in Division 1. Because we have affirmed that order, the stay which was issued to preserve our jurisdiction is vacated.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 13, 2002 —
RECONSIDERATION DENIED JUNE 7, 2002.

*Morris, Manning & Martin, John P. MacNaughton, Gregory O. Shenton, Robert C. Threlkeld*, for appellant.

*Heyman & Sizemore, William B. Brown, Owens, Clary & Aiken, Leighton Aiken*, for appellees.