### 11982.  EDENFIELD v. THE STATE.

BROYLES, C. J.  1. A trial judge has a wide discretion when passing on a motion for a continuance of a case.  He is the trior of the facts, and his discretion will not be controlled unless flagrantly abused; and the burden is upon the movant to affirmatively show such an abuse.  In the instant case it was not affirmatively shown to the judge that the defendant was too ill to safely go to trial or to confer with and assist his counsel throughout the trial.  Furthermore, the defendant was present in court and the judge had the benefit of observing his actual physical condition as it appeared to him.  It does not, therefore, affirmatively appear that the judge abused his discretion in overruling that

ground of the motion for a continuance which was based upon the illness of the defendant.

2. Another ground of the motion for a continuance was based upon the absence of a certain named witness, but it does not appear that the expected testimony of this witness, as set out in the ground, would have materially benefited the defendant if it had been presented to the jury.

3. All grounds of a motion for a continuance must be urged at the same time; and after the decision upon one or more grounds, no other grounds afterwards urged shall be heard by the court. Civil Code (1910), § 6301. Under this ruling, the court did not err in refusing to consider an additional motion for a continuance which was urged after the original motion had been denied.

4. The court did not err in overruling the motion to declare a mistrial in the case, based upon the ground that specified testimony of a witness for the State put the defendant's character in issue when the defendant himself had not done so, since it appears, from a note of the judge, that he specifically instructed the jury that this testimony was ruled out and should not be considered by them in making up their verdict.

(a) The insistence that the particular language used by the judge in so instructing the jury was in itself prejudicial to the accused is contained only in the brief of counsel for the plaintiff in error, and, not having been made in any ground of the motion for a new trial, cannot be considered.

5. The remaining special ground of the motion for a new trial, complaining that the court erred in allowing, over the objection of the defendant, the solicitor to ask a certain named witness a leading question, is without merit. It is well-settled that it is within the discretion of the court to allow leading questions. Moreover, it does not appear from the ground that the witness ever answered the question.

6. The general grounds of the motion for a new trial are expressly abandoned in the brief of counsel for the plaintiff in error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JANUARY 25, 1921.

Accusation of possession of intoxicating liquor; from city court of Waycross — Judge Crawley. October 22, 1920.

*M. D. Dickerson, Jerome Crawley, H. M. Wilson,* for plaintiff in error.

*Benjamin G. Parks, solicitor, H. D. Reid, Q. L. Garrett,* contra.