therefore without merit.

29128. CAMPBELL et al. v. CARROLL et al.
29129. CALHOUN et al. v. CARROLL et al.

GUNTER, Justice.

This is an appeal from a judgment that decided an election contest in favor of the appellees. The appellants are the City of Mountain View, three incumbent councilmen who were defeated in the election, and certain city officials. The judgment declared the appellees to be the duly elected councilmen, it enjoined the three defeated incumbents from further acting as councilmen, and it cast the costs of court in the proceeding against the city.

We affirm the judgment.

Mountain View is a municipal corporation governed by a mayor and council, and three posts for members of the council came up for election in 1973. On December 1, 1973, an election was held, the election was contested, and the contest was sustained. A special election for the three posts was then held on January 19, 1974, and at this special election each of the appellees received a majority of the votes cast. The results of this special election were certified by the Superintendent of Elections and read into the minutes of the council.

Four individual voters who were not candidates in the special election then filed a contest of the election with the council. None of the candidates who were defeated in the special election filed contests.

The Georgia Municipal Election Code provides in § 34A-1501 (a): "A petition to contest the results of a primary or election shall be filed in writing with the city clerk within five days after results of the election are declared by the governing authority. Upon the filing of the contest petition, a hearing shall be set before the governing authority of the municipality. Such hearing shall be conducted in accordance with procedures as set

forth in the municipal charter or an appropriate ordinance, which shall be consistent with the provisions of this Code and the rules and regulations of the State Election Board. Any member of the governing authority involved in the contest shall disqualify himself from judging the contest. The governing authority shall render its decision within a reasonable time after such hearing, and the decision of the governing authority shall be considered a final determination of the contest unless appealed as hereinafter provided."

On February 1, 1974, the mayor and one councilman, the other three councilmen having been candidates and thus disqualified, entered an order reciting that the results of the special election had not been certified by the mayor and council and that the election contest could not be determined at that time for lack of certification. The mayor had voted to certify the voter results and the one qualified councilman had voted not to certify the results, thus defeating certification. The appellees appealed to superior court pursuant to Code Ann. § 34A-1501 (b). On February 11, 1974, an amended order was issued by the one qualified councilman which recited that the mayor had disqualified himself from voting on the contest, and this order declared the special election void. The appellees then filed an amendment to their appeal in the superior court which also appealed from this amended order of February 11.

The trial judge then heard the matter and rendered the judgment referred to above in favor of the appellees.

First, it is to be noted here that the only contest of this special election was filed by four citizen-voters who were not candidates for any of the offices sought. Under the Georgia Municipal Election Code, where the election is between or among candidates for a public office, it is only one or more of those candidates that have standing to file a petition to contest the results of the election. A mere citizen-voter who was not a candidate in the election does not have such standing. However, in a referendum or election for the approval of municipal debt, or in a referendum or election submitting a proposition for approval or disapproval to the voters of the municipality, or in a referendum or election for the

approval or disapproval of changes in the form of a municipality's government, citizen-voters do have standing.

In this case no petition of contest was filed by a candidate who was running for office in the election. Therefore, there was in fact no valid contest, the results of the election should have been certified by the governing body, and the judgment of the superior court was correct.

*Judgment affirmed. All the Justices concur.*

Argued September 13, 1974 — Decided October 8, 1974 — Rehearing denied October 25, 1974.

*Weiner & Bazemore, Paul S. Weiner,* for Campbell.
*Paul McGee,* for Calhoun.
*Mackay & Elliott, James A. Mackay, Thomas W. Elliott,* for appellees.