## 64216. SEWELL v. THE STATE.

DEEN, Presiding Judge.

Tony Albert Sewell appeals from his conviction of violating the Georgia Controlled Substances Act (possession of methamphetamine with intent to distribute) following the denial of his motion for a new trial. He was sentenced as a habitual offender.

1. Appellant first contends that Code Ann. § 27-2511 is unconstitutional because it diminishes the powers and authority of the Board of Pardons and Paroles. This case was transferred to this court by the Supreme Court and we find that appellant does not have standing to contest that code section until ". . . he [has] claimed a right of parole and the statute was asserted against him as a bar." *Green v. State,* 244 Ga. 755 (262 SE2d 68) (1979).

2. Appellant next contends that the trial court erred in denying his motion for a continuance because he was recovering from hepatitis at the time of trial and, as a result, he was in poor physical and mental condition and that his illness did not allow him and his attorney time to adequately prepare for trial. He testified that he first exhibited symptoms of hepatitis three weeks previously and was released from a week long quarantine three days before trial. There was no medical testimony or other evidence offered on his behalf except his own testimony that "my mind don't seem to be sharp because I am constantly tired" and that he had trouble keeping up with the trial. He also claimed that his confinement in quarantine prevented him from properly going over his case with his attorney prior to trial. He was able to recall the dates and details of his illness and the dates of a rearrest and confinement in jail after his initial

arrest, as well as the fact that his attorney had visited him five or six times before indictment and once after he was released from quarantine. The trial court found there was no medical testimony submitted as to his ability to stand trial and that from the court's observation it did not find that he was unable to stand trial and he had adequate time to discuss the matter with his attorney prior to trial.

Absent a showing of abuse of discretion, this court will not reverse the decision of the trial court not to grant a continuance. *Jackson v. State,* 145 Ga. App. 526 (244 SE2d 49) (1978). Mere shortness of time for preparation does not in itself show a denial of the rights of the accused. He must also show harmful error. *Standridge v. State,* 158 Ga. App. 482 (280 SE2d 850) (1981). Appellant has failed to show harmful error.

3. Sewell claims that there was no showing of a proper continuing chain of custody as to state's exhibit number two (a plastic bag containing white powder). We must disagree with that contention. Agent Walsh received three ounces of white powder in a plastic bag from the appellant and it was turned over to Agent Paul at the scene. Paul returned the bag to Walsh at the office and initialed it. This bag was then placed in a brown paper bag (state's exhibit 1). This bag was returned to Paul who placed it in an evidence locker and the locker was locked. Paul kept the evidence in the locker under lock and key until she turned it over to Smith at the State Crime Laboratory. Smith opened the brown bag and then analyzed the contents of the plastic bag. It tested positive for methamphetamine. He then resealed the exhibit. Paul reopened the sealed exhibit on the witness stand and testified that she did not know if the exact contents of the plastic bag were the ones she received from Walsh. This testimony does not indicate that there was a break in the chain of custody as appellant argues. The evidence as shown above reveals that Paul's handling of the exhibit from the time she received it from Walsh until it was turned over to the crime lab for analysis showed no break in the custody chain. Here, as in *Johnson v. State,* 143 Ga. App. 169 (237 SE2d 681) (1977), the state showed with a reasonable certainty that the evidence is the same as that seized and there had been no tampering or substitution either before it was analyzed or afterwards. See also *Patterson v. State,* 224 Ga. 197 (160 SE2d 815) (1968). Where there is only mere speculation of tampering, the evidence can be admitted and any doubt goes to its weight. *Johnson v. State,* supra.

4. Appellant's final contention that the court erred in sentencing him under Code § 27-2511 instead of Code § 79A-811 (c) because one of the prior offenses was a violation of the Controlled

Substances Act is also without merit. In the present case, he was not charged with possession and control as required by that subsection; he was charged with possession with intent to distribute under § 79A-811 (b).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 28, 1982.

*Ralph W. Kearns, Jr.,* for appellant.
*Thomas J. Charron, District Attorney, James Martin, Assistant District Attorney,* for appellee.