## 74430. McLEROY v. THE STATE.
(360 SE2d 631)

BENHAM, Judge.

This appeal is from appellant's conviction of burglary. The testimony of the arresting officer was that he heard glass breaking while on patrol; that he returned to the place where he heard that sound and found a window broken and burglar bars bent; that he shined his flashlight through the window and saw appellant; and that appellant

was arrested when he exited the building through the broken window at the officer's direction. Two issues are raised on appeal: the admission of evidence of two previous burglaries by appellant, and the trial court's refusal to give a requested charge on criminal trespass as an included offense.

1. The evidence of similar transactions established that appellant had entered pleas of guilty to two burglary indictments 10 and 11 years prior to the present prosecution. In both those cases appellant had gained access to unoccupied buildings by forcing entrance, had stolen items from inside the buildings, and had been apprehended either inside or as he departed the building. Here, appellant had broken a window and bent burglar bars with a piece of lumber, then ransacked the premises, a doctor's office, strewing medication around the floor. We find the prior transactions sufficiently similar to the present case to permit the admission of the evidence for the purpose of showing that appellant entered the building on this occasion with the intent to steal as he had done on both previous occasions. We also find that the passage of time since the previous burglaries was not so great as to require that the evidence be excluded. Support for our position on both issues may be found in our recent decision in *Nelson v. State*, 181 Ga. App. 481 (352 SE2d 804) (1987). Therefore, the trial court did not err in admitting the evidence and denying appellant's motion for new trial.

2. Appellant filed a request with the trial court for a jury instruction concerning criminal trespass as an included offense of burglary. The refusal of the trial court to give that charge is enumerated as error.

Appellant's request to charge purported to set out the provisions of OCGA § 16-7-21 (a) and (b) (1), which establish two different ways the offense may be committed: by intentionally damaging the property of another in an amount set by the statute or less; or by entering the premises of another for an unlawful purpose. Since there was no evidence in the present case concerning the dollar amount of the damage done to the premises entered by appellant, and since there is no evidence of any intent other than that set out in the indictment, to commit a theft, the requested charge was not supported by evidence. See *Johnson v. State*, 156 Ga. App. 411 (2) (274 SE2d 778) (1980); *Fullewellen v. State*, 127 Ga. App. 568 (194 SE2d 275) (1972). That being so, the trial court did not err in refusing to give the requested charge. *Prater v. State*, 171 Ga. App. 122 (3) (318 SE2d 816) (1984).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 8, 1987.

*J. Douglas Willix*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Assistant District Attorneys*, for appellee.