S92A1049, S92A1226. POPHAM v. CITY OF KENNESAW et al.
(two cases).
(424 SE2d 780)

CLARKE, Chief Justice.

Following the November 1991, elections in the City of Kennesaw, appellant Popham filed a petition to contest the manner in which the elections were conducted. Additionally, appellant's petition attempted to relitigate issues he had raised in a lawsuit filed against appellees in 1981; in that case the trial court enjoined appellant from filing future actions raising these allegations. The appellees in the case before us, City of Kennesaw and the City Election Superintendent, counterclaimed, filing motions for contempt, libel and slander. The appellees further moved for judgment on the pleadings with regard to appellant's attack on the 1991 elections.

In Case No. S92A1049, the trial court granted appellees' motions for judgment on the pleadings, but reserved ruling on the remaining issues. In Case No. S92A1226, the trial court held the appellant in contempt for using contumacious language before the court, and for violating the terms of the 1981 injunction by attempting to relitigate the same issues he had raised in the 1981 lawsuit. We affirm both judgments.

1. The appellant may not relitigate the issues raised in the 1981 lawsuit. As the appellant concedes he has served the jail sentence and paid the fine imposed in the contempt action, his appeal of these issues is moot. *Cagle v. PMC Dev. Co.*, 233 Ga. 583 (212 SE2d 765) (1975).

2. The trial court correctly granted the appellees' motion for judgment on the pleadings with regard to appellant's challenge to the 1991 election. See *Campbell v. Carroll*, 233 Ga. 87 (209 SE2d 624) (1974), which holds that a voter who is not a candidate in an election does not have standing to file a petition contesting the results of that election.[1]

*Judgments affirmed. Hunt, P. J., Benham, Fletcher, Sears-Collins, JJ., and Judge Eugene H. Gadsden concur; Hunstein, J., not participating.*

DECIDED JANUARY 15, 1993.

Peter Norwood Popham, *pro se.*
Bentley, Bentley & Bentley, Fred D. Bentley, Sr., Veronica S.

[1] We note that OCGA § 21-3-421, approved April 7, 1992, permits an aggrieved elector to file an election contest under specified circumstances. However, this statute was not in effect at the time the trial court granted the appellees' motion for judgment on the pleadings.

*Jones,* for appellees.