A93A1580. RODRIGUEZ v. THE STATE.
(439 SE2d 510)

COOPER, Judge.

Rene Rodriguez was tried before a jury and found guilty of robbery by sudden snatching and felony obstruction of a police officer. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt.

1. The indictment alleged felony obstruction of a police officer pursuant to OCGA § 16-10-24 (b), in that Rodriguez resisted arrest and offered to do violence by brandishing a knife at the officer. As a lesser included offense, the trial court charged the jury on misdemeanor obstruction pursuant to OCGA § 16-10-24 (a). In this regard, the trial court charged the jury that "Flight or attempted flight, after a command to halt, may constitute the offense of obstruction of an

officer." Appellant enumerates this jury instruction as error, contending that such a charge on flight is prohibited under the binding authority of *Renner v. State*, 260 Ga. 515, 517 (3b) (397 SE2d 683) (1990).

The charge was an accurate statement of the law regarding misdemeanor obstruction of an officer, under present OCGA § 16-10-24 (a). *Tankersley v. State*, 155 Ga. App. 917, 919-920 (4A) (273 SE2d 862) (1980). Compare *Duke v. State*, 205 Ga. App. 689 (423 SE2d 427) (1992). There is a very clear distinction between flight as circumstantial evidence of guilty knowledge generally and flight as an act constituting the hinderance element of misdemeanor obstruction of an officer. Appellant's reliance upon *Renner v. State*, supra, is entirely misplaced. Moreover, appellant was convicted of the greater offense of felony obstruction. Conviction of the greater offense renders harmless any error, although we find none, in the charge as given for the lesser included offense of misdemeanor obstruction of an officer. "In this case no injury resulted, because the jury found the accused guilty of [felony-grade obstruction of an officer and that verdict is supported by sufficient competent evidence]. If the jury had found the accused guilty of [misdemeanor obstruction], there would be room for complaint of the [allegedly] inappropriate instructions." *Smith v. State*, 8 Ga. App. 680, 682 (2) (70 SE 42) (1911).

2. "The trial judge . . . may, of [its] own volition and in [its] discretion, charge on a lesser crime of that included in the indictment or accusation." *State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 354) (1976). Misdemeanor obstruction of an officer is a lesser included offense of the indicted offense of felony obstruction. OCGA § 16-1-6. The trial court did not err in this instance by charging the jury as to a possible verdict of misdemeanor obstruction as a lesser included offense.

3. In a portion of a recharge to the jury, explaining the possible forms of the verdict, the trial court stated: "If you do not believe he is guilty of count number II of the greater offense and you further do not believe that he is guilty of count number II of the lesser offense, then the form of your verdict would be, *you will have to believe that beyond a reasonable doubt, of course*, and if that be your verdict, the form of your verdict would be 'we the jury, find the defendant not guilty of count number II.' " Error is assigned to the italicized portion of this excerpt from the charge. However, we have reviewed the charge in its totality, including repeated accurate statements of the State's unalterable obligation to prove each and every element of the crimes beyond a reasonable doubt, and the presumption of innocence. The isolated statement now objected to is a palpable slip of the tongue. "Standing alone, we think that the excerpt complained of does appear to be not only erroneous, but harmful; but after carefully looking at the [entire] charge as we have, and considering the part

complained of in conjunction with the whole charge, we can not agree that the accused was injured by it. . . . We can not bring ourselves to believe that the jury in this case, composed as it was of upright and intelligent [citizens], did not fully understand from the entire charge that it was their duty to acquit the [appellant] if all of the facts and circumstances of the case . . . were not sufficient to satisfy their minds of his guilt . . . beyond a reasonable doubt. . . . [A] mere verbal inaccuracy in a charge, resulting from a palpable 'slip of the tongue,' which clearly did not mislead or confuse the jury is not cause for a new trial. [Cits.]" *Siegel v. State*, 206 Ga. 252, 253-254 (2) (56 SE2d 512) (1949). See also *Gober v. State*, 247 Ga. 652, 655 (3) (278 SE2d 386) (1981); *Martin v. State*, 185 Ga. App. 145, 149 (4b) (363 SE2d 765) (1987); *Gossett v. State*, 142 Ga. App. 815 (2) (237 SE2d 220) (1977). This enumeration is without merit.

4. Six months prior to the events for which appellant was on trial, he had entered a guilty plea to felony-grade obstruction of an officer, in that he resisted arrest by wrestling the officer to the ground. The admission of this prior offense into evidence as a similar transaction is enumerated as error, on the sole ground that it is not sufficiently similar to demonstrate a logical connection to a disputed issue in the instant prosecution.

(a) The State gave timely written notice of its intent to introduce evidence of appellant's guilty plea to felony-grade obstruction. After the hearing mandated by Uniform Superior Court Rule 31.1 (B), the trial court made the following determination on the record: "[T]he court has to make findings; number one, a similar transaction is being introduced for the proper, specific purpose, which the court so finds; that the defendant on trial was the person who committed the similar transaction and that there is sufficient connection or similarity between the similar transactions and the offense charged so that proof of the similar event tends to prove the latter, and the court makes a finding on each of those." Although no enumeration of error is predicated upon any alleged procedural deficiency or irregularity, we note for the benefit of the bench and bar that the notice of intent to introduce evidence of similar crimes should clearly specify the proper purpose for which introduction of such evidence is sought, "as an exception to the general rule of inadmissibility. [Cit.]" *Hightower v. State*, 210 Ga. App. 386, 388 (3) (436 SE2d 28) (1993). The purpose of timely advance notice is to allow the defendant to investigate the validity, relevancy, and other aspects of admissibility of the prior offenses. *Thompson v. State*, 186 Ga. App. 421, 422-423 (2) (367 SE2d 586) (1988). A rote recitation of any and all permissible purposes will not suffice. Moreover, where the State does "not inform the trial court of the purpose for which the evidence [is] being offered[,] . . . it [is] impossible for the trial court to make the essential preliminary deter-

mination as to whether the [S]tate [is seeking to introduce] the evidence for an appropriate purpose." *Williams v. State*, 261 Ga. 640, 643 (2d) (409 SE2d 649) (1991). Likewise, the trial court should specify on the record *which* proper purpose or purposes permit introduction of the proffered similar transaction. *Williams v. State*, supra at 642 (2b), fn. 3 and accompanying text. A vague "finding" of an unspecified "proper, specific purpose" is wholly inadequate to apprise the defendant of the limited grounds upon which such evidence is admissible.

(b) It is, however, clear from the trial court's three limiting instructions that appellant's guilty plea for obstructing an officer was admitted for the limited purposes of showing course of conduct and intent. Appellant correctly notes that any geographic similarity between the two offenses is a mere superficial circumstance which fails to shed light on appellant's course of conduct or intent in this case. *Smith v. State*, 237 Ga. 412 (1) (228 SE2d 811) (1976). However, the evidence also showed that appellant had recently tackled an officer who had stopped appellant for speeding. Appellant had grappled for the officer's gun while exclaiming "You'll have to kill me or I will kill you." This recent willingness to resist arrest with violence bore a sufficient logical connection to appellant's intent at the time of the instant arrest, where he drew a knife on the officer after fleeing from the command to halt, so that proof of the former tended to establish the latter. See *Williams v. State*, supra at 642 (2b). "The true test of admissibility is not the number of similarities between the prior act and the act for which the accused is on trial, but whether the evidence of prior incidents is substantially relevant for some purpose other than to show that the accused was likely to commit the crime because he is a person of bad character. [Cit.] . . . Testimony by an eyewitness of [appellant's] previous [assault on] a uniformed officer, was substantially relevant to establish his [criminal intent]. The determination that such evidence is more probative than prejudicial is implicit in the trial court's determination that the similar transactions are substantially relevant for [a specific] appropriate purpose." *Evans v. State*, 209 Ga. App. 606, 607 (2) (434 SE2d 148) (1993). The trial court did not abuse its discretion in determining that the prior guilty plea was substantially relevant for the appropriate limited purpose of shedding light on the criminal intent of the accused.

*Judgments affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED DECEMBER 3, 1993.

*Angela B. Clarke*, for appellant.
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III,*

*Leonora Grant, Assistant District Attorneys*, for appellee.