## A94A0716. QUARTERMAN v. WEISS.

(442 SE2d 813)

BLACKBURN, Judge.

This is an appeal from the September 24, 1993 order of the State Court of DeKalb County denying Kenneth Quarterman's request to proceed in forma pauperis in an appeal of an adverse decision in a dispossessory proceeding, which was affirmed by this court in *Quarterman v. Weiss*, 211 Ga. App. XXVIII (1994). The trial court further found that Quarterman was in contempt for failing to comply with several requests made by the court concerning his conduct at the hearing and thereafter was incarcerated for four hours. In this appeal, Quarterman asserts nine enumerations for appellate review.

1. In enumerations of error 2, 3, and 4, Quarterman asserts that the trial court erred in denying his request for a court reporter, erred in only allowing him 45 minutes in which to employ a court reporter after he appeared at the hearing without one, and erred in holding a hearing on his motion to proceed in forma pauperis in the absence of a court reporter. We disagree.

While OCGA § 5-6-41 (j) provides that any party in a civil case may, as a matter of right, have a case reported at his expense, "it [i]s not incumbent upon the trial judge to arrange for the official reporter to take down the evidence at [such a] hearing. . . . [Moreover,] [t]he law does not mandate that every civil case be reported. [Cits.]" *Savage v. Savage*, 234 Ga. 853, 854 (218 SE2d 568) (1975) (interpreting former Code Ann. § 6-805). The record before us shows that Quarterman was provided at least two weeks notice of the date of the hearing and could have arranged for a court reporter to be present at this hearing within this time period. In addition, the trial judge provided him with additional time at the hearing to obtain a court reporter, and he again failed to do so.

"It has long been the practice in this state for counsel to arrange, in advance of hearings such as these, for a reporter to be present to take down the evidence if it is desired to be done." Id. at 855. Quarterman also failed to avail himself of a record of the hearing pursuant to OCGA § 5-6-41 (g), for purposes of this appeal. He failed to utilize either of these alternatives and accordingly, enumerations of error 2, 3, and 4 are without merit.

2. Next, in enumerations 5 and 6, Quarterman argues that the trial court erred in ordering him "to look at the clock for 15 seconds and then look directly at him," and erred in interrupting him when he objected to Weiss's counsel's introduction of an order of a probate court. As discussed above, the hearing before the trial court was not transcribed, and we cannot merely accept Quarterman's version of the events that allegedly occurred at the hearing. However, even assuming arguendo that the trial court did interrupt Quarterman and told

him to look at a clock for 15 seconds, he has not shown that he has been prejudiced by the actions of the trial court so as to deprive him of a fair hearing. *Najmaister v. State*, 196 Ga. App. 345 (2) (396 SE2d 71) (1990).

"It is the duty of the trial court to control the trial of the case and to insure a fair trial to both sides. Sometimes this requires interference by the court with the conduct of counsel or with a witness in the trial. The trial judge has broad discretion in handling these matters and we are loath to interfere with that discretion unless it is manifestly abused by clearly demonstrated prejudice or unfairness." (Citations and punctuation omitted.) Id. at 347. Moreover, Quarterman has not shown that he has been prejudiced by the trial court's alleged reference to this case as "old" and "stale" as asserted in his first enumeration. Consequently, he has not shown any error warranting reversal.

3. Quarterman further argues that the trial court erred in sentencing him to four hours in jail for contempt. However, Quarterman has served his sentence for contempt, and hence, any questions raised concerning the sentence are moot. *Popham v. City of Kennesaw*, 262 Ga. 676 (424 SE2d 780) (1993).

4. Quarterman also maintains that the trial court ordered a security officer to restrain him and further encouraged the officer to hurt him. However, Quarterman's assertion is not supported by the record before us.

5. Lastly, Quarterman maintains that the trial court erred in denying his request to proceed in forma pauperis based upon the trial court's approval of a prior affidavit of indigency but cites no authority for this proposition. Ordinarily, however, under OCGA §§ 5-6-47 (b) and 9-15-2 (a) (2), a trial court's findings concerning a party's indigency is not reviewable in cases where the affidavit of indigency has been traversed by an opposing affidavit. *Saylors v. Emory Univ.*, 187 Ga. App. 460 (1) (370 SE2d 625) (1988). Although the record in this case shows that no traverse was filed by Weiss or Weiss's counsel, "[w]e can conceive of no logical reason why an appellee's failure to submit an opposing affidavit as part of its challenge to an appellant's affidavit of indigency should have any bearing on the reviewability of the trial court's resolution of the issue. . . . [E]ven assuming the reviewability of the trial court's findings on the indigency issue, we hold that those findings were supported by evidence, with the result that no abuse of discretion occurred. [Cits.]" Id. at 461.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

Decided March 11, 1994 —
Reconsideration denied March 25, 1994 — 

Kenneth Quarterman, *pro se.*
*V. C. Baker,* for appellee.