A98A2105, A98A2238. HIXSON v. HICKSON (two cases).
(512 SE2d 648)

SMITH, Judge.

Henry Parker Hixson filed a complaint against Alfonso Hickson and the ABC Taxi Cab Company for damages arising out of an automobile collision. An individual named Alfonso Hicks was served with a copy of the summons and complaint at an address different from that recited in the complaint; no explanation appears in the record for this discrepancy. Hicks failed to answer the complaint, and Hix-

son filed a motion for default judgment.

The case was called for trial on the issue of damages, and the trial court entered a "Final Order Denying Plaintiff's Suit for Damages." In this order, the trial court found that "the plaintiff failed to prove that he was injured as a result of the automobile collision, and failed to adequately prove any alleged damages to the Court. Therefore, based on the foregoing, the Court hereby DENIES plaintiff's request for damages." Hixson's motion for new trial was denied.

Hixson then filed a "Motion and Brief for an Enlargement of Time in Which to File Certification of the Record" combined with a "Motion for Certification of the Record." He also filed a document styled "Certification of the Record" and "Transcript" containing an account of the trial, which appears to be an attempt to prepare a transcript from recollection pursuant to OCGA § 5-6-41 (c). The trial court denied the motion to enlarge time and to certify the transcript from recollection.

In Case No. A98A2105, Hixson appeals the final order and the denial of his motion for new trial, asserting 15 enumerations of error. In Case No. A98A2238, he appeals the denial of his motion for enlargement of time and to certify the transcript. Finding no error, we affirm.

1. First, we note that no transcript of the trial was prepared, and the trial court declined to certify the proposed transcript from recollection. "Accordingly, in the absence of either a transcript or an agreed statement of the events at trial, see OCGA § 5-6-41 (f), we must presume the trial judge ruled correctly on all issues presented and that the evidence was sufficient to support the judgment. [Cits.]" *Hamm v. Willis*, 201 Ga. App. 723 (1) (411 SE2d 771) (1991). Hixson's brief contains numerous assertions regarding what transpired at trial, as well as affidavits and other documents never made part of the record below. "This court cannot consider the factual assertions of the parties appearing in briefs when such evidence does not appear on the record. Moreover, parties cannot supplement the record merely by attaching matters to or reciting matters in their briefs." (Citations and punctuation omitted.) *State v. Ganong*, 221 Ga. App. 250 (470 SE2d 794) (1996).

2. In Case No. A98A2238, appellant's second appeal, he raises for the first time the contention that venue was improper because the defendant was served in Fulton County and the trial took place in DeKalb County. But "[a] defense of improper venue is waived unless raised in the answer or by motion. OCGA § 9-11-12 (b) (3) and (h) (1) (B)." *Congress Re-Ins. Corp. v. Archer-Western Contractors*, 226 Ga. App. 829, 832 (3) (c) (487 SE2d 679) (1997). Appellant filed this action, never dismissed it or moved for a transfer under Uniform Superior Court Rule 19, and never raised the issue of venue until the

*second* appeal from the trial court. He therefore has waived any claim of improper venue.

3. Hixson also complains that the trial court denied him a court reporter in violation of OCGA § 5-6-41. But in the order denying Hixson's motion to enlarge time and to certify the transcript from recollection, the trial court explicitly found that "[p]laintiff declined to have the hearing transcribed though a court reporter was present at the call of the calendar and made available to the plaintiff." While Hixson attempted to attach affidavits to his brief contesting this finding, as noted above, affidavits attached to briefs are neither evidence nor part of the record. It is also clear that "[w]hile OCGA § 5-6-41 (j) provides that any party in a civil case may, as a matter of right, have a case reported at his expense, it is not incumbent upon the trial judge to arrange for the official reporter to take down the evidence at such a hearing. Moreover, the law does not mandate that every civil case be reported." (Citations and punctuation omitted.) *Quarterman v. Weiss*, 212 Ga. App. 563 (1) (442 SE2d 813) (1994).

4. Because Hixson's remaining enumerations of error are not supported by argument or citation of authority, they are deemed waived. Court of Appeals Rule 27 (c) (2).

*Judgments affirmed. Johnson, C. J., and Barnes, J., concur.*

DECIDED FEBRUARY 17, 1999 —
RECONSIDERATION DENIED MARCH 12, 1999 — ▮▮▮▮▮▮▮

*Arthurlyn Combs-Hixson*, for appellant.
Henry P. Hixson, *pro se.*
Alfonso Hicks, *pro se.*