## A00A0016. SMALLS v. THE STATE.
### (528 SE2d 560)

ELDRIDGE, Judge.

Larry Smalls appeals from the denial of his motion for new trial, which followed his April 1998 burglary conviction. Smalls challenges two rulings by the trial court. After reviewing the record, this Court finds that the trial court did not abuse its discretion in its ruling, and therefore, we affirm Smalls' conviction.

1. In his first enumeration of error, Smalls claims that the trial court abused its discretion in denying his motion for continuance. The relevant facts are as follows: this case was on the April 27, 1998 trial calendar for Clarke County Superior Court. The University of Georgia College of Law Legal Aid Clinic had been appointed to represent Smalls at trial. However, on April 27, 1998, another attorney, James Moss, appeared and announced to the trial court that Smalls had hired his firm that morning to represent him at trial. Moss then requested a continuance so that he could talk to Smalls, interview witnesses, and prepare for trial. The trial court ruled that he would not allow Smalls to delay the case by changing attorneys during the trial week. The trial court denied the motion and instructed Moss to be prepared for trial by mid-week.

On Wednesday, April 29, 1998, Moss filed a motion for continuance, alleging that Smalls had been involved in an automobile accident in March and that Smalls was taking pain medication which affected him physically and mentally and which prevented him from fully participating in his defense at trial. Although Smalls claims on appeal that he had attached a letter from his treating physician to the motion, the motion makes no reference to such letter, and no letter appears in the record. Therefore, it will not be considered on appeal. "This court cannot consider the factual assertions of the parties appearing in briefs when such evidence does not appear on the record. Moreover, parties cannot supplement the record merely by attaching matters to or reciting matters in their briefs." (Citations and punctuation omitted.) *Hixson v. Hickson*, 236 Ga. App. 894, 895 (1) (512 SE2d 648) (1999). As such, no evidence was presented to support the motion for continuance prior to trial.

After hearing arguments on the issue, the trial court denied the motion for continuance. The trial court noted that, when it observed Smalls during the previous two days, he appeared to be ready for trial and did not complain of a medical condition. The trial court then ruled that the motion was untimely, that Smalls did not demonstrate due diligence in raising the issue in a timely manner, and that a continuance would serve only to delay the trial. See OCGA §§ 17-8-20; 17-8-22.

Following the jury trial, Smalls was convicted of burglary. During sentencing, Smalls admitted that he had obtained the prescription for pain medication when he went to the doctor on April 28, 1998, the day after the trial calendar call and the day before Moss filed his second motion for continuance.

Smalls filed a motion for new trial which alleged that the denial of the continuance was an abuse of discretion. After conducting a hearing and considering evidence on July 8, 1999, the trial court denied the motion for new trial. On appeal, Smalls relies on testimony that was allegedly presented at the hearing on the motion for new trial, but the record does not contain a transcript of the motion hearing. Therefore, in the absence of a transcript, we must presume that the trial judge ruled correctly on all issues presented during the hearing on the motion for new trial. *Hixson v. Hickson,* supra at 895.

Even if we look behind this presumption, however, this Court finds that the trial court did not abuse its discretion in denying Smalls' motion for continuance. See OCGA § 17-8-22; *Martin v. State,* 268 Ga. 682, 683 (2) (492 SE2d 225) (1997). Smalls presented no evidence regarding the automobile accident or his resulting medical treatment at the time he made his motion for continuance. See *Kervin v. State,* 178 Ga. App. 601, 604 (2) (344 SE2d 441) (1986) (affirming the denial of a motion for continuance even though the defendant was unable to be present for trial due to his hospitalization); *Sewell v. State,* 162 Ga. App. 483-484 (2) (291 SE2d 783) (1982); cf. *Frain v. State,* 40 Ga. 529, 531 (1869) (reversing a conviction for failure to grant a continuance after the defendant produced documentation and witnesses evidencing his severe medical condition). Further, the trial court observed Smalls' demeanor in court for two days before ruling on the continuance; it also observed Smalls during the trial and sentencing. See *Stovall v. State,* 106 Ga. 443, 445 (1) (32 SE 586) (1899); *Gunter v. State,* 63 Ga. App. 65, 69 (2) (10 SE2d 264) (1940). In deciding the motion for new trial, it is also very likely that the trial court considered Smalls' tacit admission that he obtained the pain pills prescription the day before seeking the motion for continuance. Under the circumstances, the trial court did not abuse its discretion.

2. In his second enumeration of error, Smalls claims that the trial court erred in admitting evidence of a similar transaction. We disagree.

Under *Williams v. State,* 261 Ga. 640, 641-642 (2) (409 SE2d 649) (1991),

> before admission of similar transaction evidence, the State must affirmatively show that (1) it is introducing evidence of

an independent offense or act for an appropriate purpose, (2) there is sufficient evidence to establish that the accused committed the independent offense or act, and (3) there is sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. A trial court's determination that similar transaction evidence is admissible will not be disturbed absent an abuse of discretion.

(Citation and punctuation omitted.) *Brooks v. State*, 230 Ga. App. 846 (1) (498 SE2d 139) (1998).

The similar transaction at issue in this case was a burglary that occurred in August 1997, three months before the burglary in this case. See Division 2 (b), infra. The State notified Smalls' counsel of its intent to introduce such evidence, pursuant to Uniform Superior Court Rule 31.3. In its notice, the State stated that the transaction was "directly relevant and probative of the issue of Defendant's identity, motive, plan, scheme, bent of mind, intent and course of conduct in the instant case." The trial court conducted a hearing on the motion, wherein the State confirmed that the transaction was being offered to demonstrate each of these purposes. After hearing arguments, however, the trial court ruled that the similar transaction would be admitted only for the purpose of demonstrating Smalls' intent. Prior to admitting the evidence, the trial court instructed the jury on this limited purpose. The trial court also gave the limiting instruction as part of its charge to the jury at the close of the case.

(a) Smalls argues that the USCR 31.3 similar transaction notice was insufficient because it included "a rote recitation of any and all permissible purposes." Smalls' reliance on *Rodriguez v. State*, 211 Ga. App. 256 (439 SE2d 510) (1993), for this assertion is misplaced.

In *Rodriguez* [this Court] identified two reasons why the [S]tate should specify the proper purpose for which it intends to introduce similar transaction evidence in the notice: (1) to assist the trial court in making the essential preliminary determination as to whether the [S]tate is seeking to introduce the evidence for an appropriate purpose; and (2) to afford the defendant the opportunity to investigate the validity, relevancy, and other aspects of admissibility of the prior offenses.

*Hawks v. State*, 223 Ga. App. 890, 891 (479 SE2d 186) (1996). See also *Williams v. State*, supra; *Rodriguez v. State*, supra at 258 (4) (a).

This Court also stated, in dicta, that the similar transaction notice "should clearly specify the proper purpose for which introduction of such evidence is sought, as an exception to the general rule of inadmissibility. [Cits.] . . . A rote recitation of any and all permissible purposes will not suffice." (Punctuation omitted.) *Rodriguez v. State*, supra at 258 (4) (a). However, the Court goes on to clarify this statement by noting that, unless the State tells the *trial court* why it is offering the evidence, the *trial court* is unable to determine whether the evidence is being offered for an appropriate purpose. Id. *Rodriguez* then instructs the trial court to "specify on the record which proper purpose or purposes permit introduction of the proffered similar transaction. [Cit.]" (Emphasis omitted.) Id. at 259 (4) (a). Contrary to Smalls' argument on appeal, the obvious significance of *Rodriguez* to this case is its emphasis that the State must keep the *trial court* informed of why it is offering the similar transaction evidence and, once the decision is made to admit the evidence, the trial court must apprise both the defendant and the jury of the specific, limited purpose(s) of such evidence. Id. *Rodriguez* does not prevent the State from listing multiple purposes in its similar transaction notice, as long as the trial court subsequently determines whether those purposes are appropriate under the circumstances.

In this case, the State notified Smalls of the purposes for which it intended to utilize the similar transaction evidence. The trial court had the opportunity to consider arguments from both sides in order to make the "essential preliminary determination" as to which, if any, of these purposes were "appropriate purposes" under the circumstances. *Hawks v. State*, supra at 891. The fact that, in making such determination, the trial court rejected some of the proposed purposes for the evidence and limited its admissibility to the issue of intent does not retroactively invalidate the State's notice. For this Court to so rule would chill the State's efforts to introduce similar transactions for any and all relevant, appropriate purposes.

Further, Smalls failed to demonstrate that he was "surprised" by the State's intention to present the transaction or otherwise denied the opportunity to investigate the circumstances of the similar transaction to evaluate its "validity, relevancy, and other aspects of admissibility." *Hawks v. State*, supra. Accordingly, we find that the State's USCR 31.3 notice was sufficient.

(b) Smalls also claims that the similar transaction was inadmissible because it was not sufficiently similar to this crime. The transaction involved a burglary which occurred in the same town in August 1997, three months before the crime in this case. The victim in the similar transaction was a college student who testified that she had not yet moved into a new residence when it was burglarized by Smalls. When she went by the house to check her answering

machine, she noticed that her telephone, answering machine, and other electronic items were missing. She then heard a door close. The victim went outside and saw Smalls walking down the street away from her residence with one of her towels rolled up in his arms. She called 911 and pursued Smalls in her car. Smalls put down the towel and tried to walk away until police officers arrested him. The towel was recovered, still wrapped around the victim's property.

In the case at trial, Smalls went into an empty residence while the victim, a college student, was out of town over the Thanksgiving holiday in 1997. The victim's brother lived two doors away in the triplex. The brother heard noise coming from the victim's residence and called 911. He looked into the window and observed someone moving around the residence. Police officers arrived and saw Smalls pick up a television and walk toward the back door. When Smalls saw the officers, he ran toward the front of the house. Police officers followed him inside and up the stairs. Suddenly, Smalls jumped from a second story window and landed a few feet in front of the victim's brother. Smalls attempted to run from the premises but was arrested shortly thereafter. At the time of his arrest, Smalls had two Sega video game cartridges in his possession. The victim's television and additional video game equipment subsequently were discovered on the back porch.

On the issue of whether the similar transaction was sufficiently similar to the crime charged to be admissible in this case,

> [t]he law does not require that a similar transaction crime be identical to the crime charged. There can be a substantial variation of circumstances where there exists a logical connection between crimes which are essentially dissimilar. The issue of admissibility of extrinsic transactions has never been one of mere similarity. It is, rather, relevance to the issues in the trial of the case. The State may only have the burden of showing a *logical connection* between crimes which are essentially dissimilar. When similar transaction evidence is being introduced to prove motive, intent, or bent of mind, it requires a lesser degree of similarity to meet the test of admissibility than when such evidence is being introduced to prove identity.

(Citation and punctuation omitted; emphasis in original.) *Maxey v. State*, 239 Ga. App. 638, 640-641 (3) (521 SE2d 673) (1999). See also *Raulerson v. State*, 268 Ga. 623, 631 (8) (491 SE2d 791) (1997); *Banks v. State*, 225 Ga. App. 754, 755 (2) (484 SE2d 786) (1997); *Brooks v. State*, supra at 847; *McLeroy v. State*, 184 Ga. App. 62, 63 (1) (360 SE2d 631) (1987). In this case, the evidence showed that Smalls

entered the unoccupied residences of college students with the intent to commit theft. See id. The trial court found that the State made its required showing under *Williams v. State*, supra. The trial court did not err in admitting the similar transaction evidence for the limited purpose of demonstrating intent.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JANUARY 21, 2000.

*Jo Carol Nesset-Sale*, for appellant.

*Harry N. Gordon, District Attorney, John A. Pursley, Assistant District Attorney*, for appellee.