## A01A1378. FOOTE v. THE STATE.
### (553 SE2d 644)

RUFFIN, Judge.

Jeffery Foote appeals his conviction for entering an auto, arguing that he should have been granted a continuance or a new trial because he was ill during his jury trial. For reasons that follow, we affirm.

Foote's trial began on February 15, 1999. On that day, Foote announced ready for trial, and the parties selected a jury. Following jury selection, Foote's counsel informed the trial court that Foote was sick and needed "to be taken to a doctor." Counsel reported that Foote was "shaking" and that his forehead "felt hot." The trial court questioned Foote, who stated that he had caught a cold virus, felt "pretty bad," and had been sick for about three days. Foote also indicated that his illness was getting worse, he was "throwing up blood," his head hurt, his nose was running, he was dizzy, and he had cold chills.

The trial judge decided to commence the trial. Counsel objected, arguing that Foote was not mentally alert and could not assist in his defense. The trial court responded: "Well, he has certainly been able to respond adequately to my inquiries. And he doesn't appear to be ill other than sniffling a little bit. If he starts to feel like he is going to be nauseated, then we will take a recess and come back."

The court then held a preliminary hearing on similar transaction evidence, during which Foote's counsel asserted that he was unable to communicate with Foote. The trial judge noted that Foote had been able to converse with the court, and Foote remarked, "I can talk, Your Honor, but I am just saying that I am sick." Counsel again asked for a continuance, but the trial court denied the request: "[Counsel], I can observe your client. I know he is sniffling. He said he has a cold. He wants a penicillin shot. To me I don't believe that that has established to me that he is too sick to go on. Now, if he becomes too sick to go on, then certainly I will take note of it."

Later that day, counsel moved for a mistrial, asserting that Foote had been "forced to trial," even though he was coughing, sniffling, shaking, unable to concentrate, and unable to assist counsel. The trial court summoned a nurse, who examined Foote. The nurse testified that she checked Foote's vital signs and performed an "RN assessment." She reported that he had a temperature of 100.8°F, a slightly elevated pulse, and a regular heart rate. She noted that he had a cough, but that his lungs were clear and he exhibited no signs of blood loss. Asked for her recommendation, the nurse stated that "[i]f he were an employee, I would give him some Tylenol and tell him to check back with me in a couple of hours and let me know how he felt. I wouldn't send him home. If his temperature were a little higher, I would send him home."

The trial court denied Foote's motion for mistrial and proceeded with the trial, finding counsel's claim that Foote could not assist him to be "unfounded." Although not clear from the trial transcript, it appears that Foote may have been given Tylenol at that point.

The next day, defense counsel reported that Foote was still ill and moved for a continuance. Foote took the stand and testified that he was nauseated, weak, had thrown up that morning, felt worse than the previous day, and was not thinking clearly. The trial court denied the motion for continuance, concluding that Foote was able to communicate and that the evidence presented did not support a finding that he could not participate in the trial. After the close of the evidence, counsel again asked for a recess so that Foote could be examined by a physician, but the court denied that request. The jury subsequently found Foote guilty of entering an auto.

Foote moved for a new trial, arguing that the trial court improperly forced him "to go to trial when he was too ill to adequately communicate with his attorney." At the hearing on the motion, Foote presented evidence that the day after his trial concluded, a physician determined that he had pneumonia and admitted him to a hospital, where he stayed for four days. The physician testified that, given Foote's condition one day after the trial, Foote "would have been so miserable physically that he really couldn't have been that clearheaded" at trial. In addition, the physician stated that Foote's illness would have impaired his concentration and his ability to communicate with counsel during trial, but to an unknown degree.

Trial counsel also testified at the hearing. According to counsel, Foote was too ill to assist in his defense, and his ability to communicate with counsel was extremely limited. Counsel further testified that he avoided close contact with Foote during trial because of Foote's illness.

Following the hearing, the trial court denied Foote's motion for new trial. It concluded that it

> did not abuse its discretion in denying Defendant's Motion for Continuance, in that it appeared to be made for the sole purpose of delaying the trial. Moreover, the Court determined from its own observations and from the testimony of a nurse, that Defendant was sufficiently healthy at the time of his trial to effectively participate in his own defense.

On appeal, Foote argues that the trial court erred in refusing to continue the trial or grant him a new trial, given his illness and inability to assist counsel in his defense. We disagree.

1. Before informing the trial court of his illness and seeking a continuance, Foote announced ready for trial, and a jury was

selected. At the very least, a continuance at that point would have inconvenienced the trial court, the jurors, and the State.[1] The trial court thus inquired whether a continuance was, in fact, necessary, and we will not overturn the trial court's determination absent an abuse of discretion.[2]

In reviewing a trial court's ruling on a motion for continuance, we look at the evidence presented at the time of the ruling, not at the evidence available at the motion for new trial hearing.[3] Relying on the nurse's assessment, as well as its own observations of Foote, the trial court concluded that Foote was able to attend trial, communicate with counsel, and assist in his own defense. Although Foote was subsequently hospitalized with pneumonia, the trial court was presented with no conclusive evidence during the trial about the severity of his illness.

Given the information available to the trial court when Foote moved for a continuance, we find no abuse of discretion. Indeed, this Court is in a particularly poor position to second-guess the trial court's finding that Foote was capable of communicating with counsel and assisting in his own defense. Unlike the trial court, we did not observe Foote at the trial. Accordingly, the trial court did not err in refusing to grant Foote a continuance.[4]

2. The trial court also did not abuse its discretion in denying Foote's motion for new trial after receiving additional evidence about his illness.[5] The physician who testified at the new trial hearing established that Foote was seriously ill the day after trial. That physician, however, did not examine Foote during the trial. Furthermore, although he stated that Foote's sickness would have affected Foote's concentration and ability to communicate at trial, he could not specify the degree of that effect.

Such equivocal testimony is insufficient to establish that Foote was unable to assist his attorney during trial. We recognize that both Foote and trial counsel testified at the hearing about Foote's inability to communicate effectively. The trial court, however, was also able to observe and question Foote during the trial, permitting it to draw its

---

[1] See *Kervin v. State*, 178 Ga. App. 601, 604 (2) (344 SE2d 441) (1986).

[2] *Peebles v. State*, 260 Ga. 165, 166 (1) (391 SE2d 639) (1990) ("The grant or denial of a motion for a continuance is left to the sound discretion of the trial court and it is not to be disturbed unless it clearly appears that there is an abuse of discretion."); *Dasher v. State*, 157 Ga. App. 664 (1) (278 SE2d 465) (1981) ("Absent a showing of an abuse of discretion, this court will not reverse a trial court's refusal to grant a continuance.") (citation and punctuation omitted).

[3] *Kervin*, supra.

[4] See *Sewell v. State*, 162 Ga. App. 483, 484 (2) (291 SE2d 783) (1982); *Edenfield v. State*, 26 Ga. App. 206-207 (1) (105 SE 732) (1921).

[5] See *Kervin*, supra at 605 (applying abuse of discretion standard to denial of motion for new trial based upon defendant's illness during trial).

own conclusion about Foote's condition.[6] The nurse's assessment, based on a physical examination of Foote at trial, supported that conclusion. Under these circumstances, we cannot find that the trial court abused its discretion in denying Foote's motion for new trial.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 7, 2001 —
RECONSIDERATION DENIED AUGUST 30, 2001.

*Timmons, Haggard & Carney, John W. Timmons, Jr.*, for appellant.

*Kenneth W. Mauldin, District Attorney, John A. Pursley, Phillip C. Griffeth, Assistant District Attorneys*, for appellee.

---

[6] See *Smalls v. State*, 242 Ga. App. 39, 40 (1) (528 SE2d 560) (2000); *Sewell*, supra at 484; *Edenfield*, supra at 207.