A09A0004. KEMP v. ADAMS.
(677 SE2d 743)

SMITH, Presiding Judge.

Versteal Kemp, administrator of the estate of Izziebeth Daniels Kemp, appeals pro se from the trial court's order enforcing a settlement agreement Kemp entered into with V. J. Adams. Kemp asserts that the trial court erred by: (1) concluding a settlement had been reached; and (2) failing to consider his standing to enter into a settlement agreement on behalf of the estate. We find no merit in these claims and affirm.

---

1. Kemp contends that the settlement agreement was unenforceable because it lacked consideration and no agreement was reached. We disagree.

> On a motion to enforce a settlement agreement, we construe the evidence to uphold the trial court's judgment. We will not disturb a trial court's findings thereon unless clearly erroneous. . . . Under this standard we will uphold the trial court's factual findings if there is any evidence to support them.

(Citations, punctuation and footnote omitted.) *In re Estate of Huff*, 287 Ga. App. 614, 614-615 (652 SE2d 203) (2007).

In the hearing on the motion to enforce the settlement agreement, Adams presented evidence that the parties reached an oral agreement memorialized in a letter dated November 7, 2007. The terms of the agreement were that Kemp would dismiss two pending actions against Adams, Adams would dismiss a pending suit against Kemp, Adams would quitclaim any interest in one piece of property to Kemp, and Kemp would give up any claim to a different piece of property. This evidence demonstrates adequate consideration for the agreement and also supports the trial court's conclusion that the parties actually entered into a settlement agreement. See *Capitol Materials v. Kellogg & Kimsey, Inc.*, 242 Ga. App. 584, 585 (1) (530 SE2d 488) (2000) (forbearance to prosecute legal claim and compromise of doubtful right both sufficient consideration); *Mealer v. Kennedy*, 290 Ga. App. 432 (659 SE2d 809) (2008) (trial court erred by refusing to enforce oral settlement agreement memorialized in letter written by attorney).

2. In his remaining enumeration of error, Kemp asserts that the trial court erred because it "failed to consider the standing of the Appellant to make a contract." Kemp waived this issue by failing to provide any argument or citation of authority in his brief to support this assertion. *Hixson v. Hickson*, 236 Ga. App. 894, 896 (4) (512 SE2d 648) (1999); Court of Appeals Rule 25 (c) (2).

We also note that Kemp does not assert that he actually lacked "standing" to enter into the agreement; instead, he merely argues that the trial court "failed to consider" the issue. The trial court's order, however, demonstrates that it implicitly considered this issue when it rejected Adams' claim for attorney fees against Kemp because Kemp's concerns about his ability to enter into the settlement agreement demonstrated a lack of bad faith.

*Judgment affirmed. Phipps and Bernes, JJ., concur.*

DECIDED APRIL 17, 2009.

Versteal D. Kemp, *pro se.*
*Hall, Bloch, Garland & Meyer, John S. Stewart*, for appellee.