## A95A1679. HALTA v. BAILEY.
(464 SE2d 614)

ANDREWS, Judge.

The central issue raised in this appeal is whether the grantee and first taker are indispensable parties in this action for declaratory judgment and claim of fraudulent conveyance of shares of closely held stock.

Taken in the light most favorable to the jury's verdict, the evidence at trial was that in December 1992, plaintiff Bailey was awarded shares of stock in two closely held corporations, Huddleston Company and Walker Concrete, in the final judgment in the divorce action between her and Crawford Bailey. Prior to this, on May 12, 1989, the Fayette Superior Court had issued a temporary restraining order in the divorce case which provided, inter alia: "Each party is hereby enjoined and restrained from selling, encumbering, contracting to sale or otherwise disposing of or removing from the jurisdiction of this court, any of the properties belonging to the parties except in the ordinary course of business."

When the divorce court awarded Bailey the stocks, they were in the possession of defendant Halta. Halta claimed she acquired the stocks through investments made with Associated Ventures, Inc., which were initiated in April 1991. Bailey claimed the stocks were rightfully hers and that her former husband, Crawford Bailey, had fraudulently conveyed the stocks to Halta. Bailey further claimed that Associated Ventures was a sham corporation set up by her husband to serve as a conduit through which he could pass assets to Halta, his girl friend, in contravention of the temporary restraining order issued by the divorce court. Bailey initially sued Crawford Bailey and Associated Ventures as well as Halta. However, Bailey dismissed her claims against Crawford Bailey and Associated Ventures prior to trial.

The case was tried to a jury, and the jury returned a verdict awarding the stock shares in both companies to Bailey. Halta appeals, claiming that the trial court erred in: (1) failing to grant Halta's motion to add indispensable parties; (2) failing to grant Halta's motion to dismiss for failure to join the grantor and initial grantee as indispensable parties; and (3) denying Halta's motion for directed verdict because Crawford Bailey and Associated Ventures were not joined as parties in the case.

1. Halta claims that Bailey cannot bring an action under OCGA § 18-2-22 (2) against just one person, Halta, the final recipient of the

stock. OCGA § 18-2-22 (2) requires that the conveyance have been made: (1) with the intent to defraud and (2) that this intention be known by the taking party. Halta claims that the grantor, Crawford Bailey, and the first taker, Associated Ventures, must be joined as indispensable parties. The sole basis for this claim appears to be Halta's contention that since Crawford Bailey and Associated Ventures were not parties, she had the unwarranted burden of proving the intent and knowledge of two other entities who were not parties to the case.

There are two essential tests for an indispensable party under OCGA § 9-11-19 (a): (1) can relief be afforded the plaintiff without the presence of the other party, and (2) can the case be decided on its merits without prejudicing the rights of the other party? *Pickett v. Paine*, 230 Ga. 786, 796 (199 SE2d 223) (1973). If there are no compelling reasons for joining third parties, then they are not indispensable, and it is not necessary to join them for a just adjudication of the action between the original parties. *Peoples Bank &c. v. N. C. Nat. Bank*, 230 Ga. 389, 392 (197 SE2d 352) (1973). Here, the joinder of neither Crawford Bailey nor Associated Ventures is necessary for a just adjudication of the merits of this action, and neither is required for complete relief. Further, Halta puts forward no compelling reasons why they must be joined. Halta's ability to present evidence and testimony as to Crawford Bailey's and Associated Ventures' intent was not affected by whether or not they were parties to the action. Halta subpoenaed Crawford Bailey, and he testified at trial. Halta was likewise free to present any and all evidence available as to Associated Ventures' intent and knowledge in taking possession of the stocks.

The cases cited by Halta do not demand a different result. While we agree it is well settled that, in an equitable action to set aside a deed to real property, all parties to the deed are necessary parties, we do not find these cases authoritative in the instant situation dealing with the fraudulent conveyance of stock certificates.

Bailey claims this issue is controlled by the Georgia Supreme Court's decision in *Stokes v. McRae*, 247 Ga. 658 (278 SE2d 393) (1981). This was a case of fraudulent conveyance of real property in which the grantor of the deeds was named as a defendant but never answered. The case proceeded against the grantee, with the grantor testifying at trial. The issue of whether the grantor was a necessary party was not raised on appeal. The Georgia Supreme Court found that the plaintiff had presented sufficient evidence to raise a jury issue as to both elements under OCGA § 18-2-22 (2). *Stokes*, supra at 659-660.

In light of *Stokes* and for the reasons discussed above, we find that Crawford Bailey and Associated Ventures were not indispensable

parties in the fraudulent conveyance action. Accordingly, the trial court did not err in denying Halta's motion to add them as indispensable parties, motion to dismiss for failure to add indispensable parties, or motion for directed verdict because Crawford Bailey and Associated Ventures were not added as parties.

2. Halta also claims that the trial court erred in denying her motion for directed verdict because there was not enough evidence of the knowledge of Associated Ventures to go to a jury.

"[I]n considering a ruling on a motion for directed verdict, the evidence must be construed most favorably to the party opposing the motion. The standard for review of a directed verdict and a judgment n.o.v. are the same: Where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed. And, the standard of appellate review of the trial court's denial of a motion for a directed verdict is the 'any evidence' standard." (Citations and punctuation omitted.) *Mattox v. MARTA*, 200 Ga. App. 697, 698 (409 SE2d 267) (1991).

In the instant case, Bailey introduced sufficient evidence from which a jury could conclude that Associated Ventures was formed only to serve as a means by which Crawford Bailey could transfer assets to Halta in contravention of the restraining order entered in his divorce case. As the trial court stated, there was sufficient evidence from which the jury could find that the stock went directly from Crawford Bailey to Halta, in which case the intent of Associated Ventures was not even at issue. Accordingly, this enumeration of error is without merit.

3. Next, Halta argues the trial court erred in admitting photographs taken by Bailey of a house owned by Halta's corporation. These photographs purported to establish the relationship between Halta and Bailey's former husband which went toward proving Bailey's claim of fraudulent conveyance. Halta claims the photographs should not have been admitted because what was shown in the pictures was not connected with Halta or Crawford Bailey, and therefore, the pictures were not relevant, and their only purpose would be to prejudice the jury.

"The admission or exclusion of photographic exhibits is a matter within the discretion of the trial court, and unless abuse of discretion appears, no error is shown." (Citations omitted.) *Ga. Osteopathic Hosp. v. O'Neal*, 198 Ga. App. 770, 779 (403 SE2d 235) (1991). Here, some of the pictures were relevant to Bailey's contention that her former husband and Halta had a personal relationship. While some of the pictures appear to be not relevant on this issue, they also appear to be innocuous. Therefore, no harm has been shown due to the admission of the irrelevant pictures. "The burden is on the party seek-

ing reversal to show not only error, but also injury arising from the alleged error." *Ga. Power Co. v. Bishop*, 162 Ga. App. 122, 126 (290 SE2d 328) (1982). Accordingly, we find this enumeration of error to be without merit.

4. Amazingly, Halta also claims that the court erred in admitting into evidence a portion of her own affidavit submitted in support of her motion for summary judgment in this case. Halta appears to be saying that since Bailey stated at one point that she was not trying to prove direct fraud against Halta, then the fraudulent portion of Halta's affidavit should not have been admitted into evidence.

"Admissibility of evidence is a matter which rests largely within the sound discretion of the trial court." (Citations and punctuation omitted.) *Ramey v. Leisure, Ltd.*, 205 Ga. App. 128, 132 (421 SE2d 555) (1992). Here, the affidavit certainly is relevant to Halta's credibility, and therefore, the court properly admitted it into evidence.

5. Next, Halta claims that the court erred in giving Bailey's requests to Charge Nos. 6, 7, 8, and 9 since these charges make no mention of Associated Ventures. As previously discussed, there was sufficient evidence at trial that the stock passed directly from Bailey to Halta. Since the trial court also instructed the jury on OCGA § 18-2-22 (2) and how it would apply in a transfer of the stock from Crawford Bailey to Associated Ventures to Halta, the charge as a whole was fair.

6. Halta's remaining enumerations of error claim that the court erred in not giving her requests to Charge Nos. 2, 4, 6, 7, 8 and 9. We find these enumerations to be without merit. We have reviewed the record and find that, taken as a whole, the charge was fair and accurate. Further, we find no harm or prejudice to Halta in the court's refusal to give the requested charges. See *Leigner v. State*, 213 Ga. App. 871, 872 (446 SE2d 770) (1994) (charge must be taken as a whole and each part considered in connection with all other parts). Accordingly, this enumeration of error is without merit.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 6, 1995 —
RECONSIDERATION DENIED NOVEMBER 29, 1995 — 

*Driebe & Driebe, Charles J. Driebe, J. Ronald Stegall, Jr.,* for appellant.

*Cashin, Morton & Mullins, Harry L. Cashin, Jr., Noel B. McDevitt, Jr., Albert B. Wallace, Stephen B. Wallace II,* for appellee.