A96A1597. WATSON et al. v. PROGRESSIVE NORTHWESTERN INSURANCE COMPANY.
(476 SE2d 620)

McMURRAY, Presiding Judge.

In this action for declaratory relief, plaintiff Progressive Northwestern Insurance Company has been called upon to defend and pay any judgments in civil tort actions filed against defendant Scott. The actions stem from an incident in which an automobile, driven by Scott, struck and killed a pedestrian. Watson as the administratrix of the deceased's estate and as guardian of deceased's surviving daughter filed actions against Scott and others in state and federal courts.

The automobile driven by Scott when he struck the pedestrian was owned by his employer, the Federal Bureau of Investigation. Scott was a field agent to whom the employer-owned car had been assigned for several months and who regularly used the automobile in the course of performing his duties for his employer.

The policy issued by plaintiff to Scott provided liability coverage for Scott with respect to an accident involving any car listed on the declarations page of the policy or otherwise defined as insured car, for persons who operated an insured car with Scott's permission, and for Scott while driving a non-owned car with permission. A non-owned car was any car, other than an "insured car," and "which is not owned by or furnished or available for regular or frequent use" by Scott.

Plaintiff maintained that it was not obligated to provide coverage to Scott because the employer-owned vehicle he was driving at the time of the underlying incident was neither an insured car nor a non-owned car. Summary judgment was granted to plaintiff and Watson appeals. *Held*:

1. It is uncontroverted that the employer-owned car was not an insured car as defined in the policy issued to Scott. Also, there is ample evidence that the employer-owned car was furnished and available to Scott for regular and frequent business use, and in fact was driven on a daily basis for this purpose. Scott was allowed to use the employer-owned vehicle to drive to and from work but was not allowed to use it for personal use at all.

There is no suggestion that Scott was covered under plaintiff's policy for the daily business use of his employer's car. But, the record does not disclose whether, at the time of the underlying incident, Scott was driving the employer-owned vehicle for business or per-

sonal use and Watson maintains that plaintiff's policy afforded coverage for Scott's infrequent personal use of the employer-owned car. This contention which is predicated entirely upon the non-owned automobile clause is supported by citations to cases from other jurisdictions and does not directly conflict with any Georgia case of which we are aware. See *American Southern Ins. Co. v. Golden*, 188 Ga. App. 585 (373 SE2d 652); *Mattox v. Cotton States Mut. Ins. Co.*, 156 Ga. App. 655, 657 (275 SE2d 667).

Nonetheless, we must affirm the judgment of the superior court without reaching the issue of first impression submitted. Questions as to the effect of the exclusion concerning non-owned cars furnished or available for frequent or regular use do not arise until there is some coverage afforded under the policy to which the exclusion may relate. Under the policy at issue no coverage was provided for Scott's use of a non-owned car without permission and the uncontroverted evidence is that Scott did not have permission to use the employer-owned car for any personal errand, thus, there was no coverage afforded Scott during any personal use of the employer-owned car.

2. In a second enumeration of error, Watson maintains that the grant of summary judgment in favor of plaintiff was error because an indispensable party, the federal government, was not included in the litigation. In applying the usual two part test for an indispensable party, we find that relief may be afforded plaintiff without the presence of the federal government and that this case may be decided on the merits without predjudicing the rights of the United States. This enumeration is without merit. *Halta v. Bailey*, 219 Ga. App. 178, 179 (1) (464 SE2d 614).

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED SEPTEMBER 9, 1996 —
RECONSIDERATION DENIED SEPTEMBER 24, 1996 — 

*Finch, McCranie, Brown & Hendrix, Andrew T. Rogers*, for appellants.

*Shur & McDuffie, Brett F. Shur, Downey & Cleveland, Joseph C. Parker, Dupree, Johnson & Poole, Hylton B. Dupree, Jr., A. Gregory Poole*, for appellee.