A97A2245. VESSELL et al. v. WALKER et al.
(499 SE2d 688)

BEASLEY, Judge.

Vessell, Quick, and Hunnicutt sued Hannah for damages on various theories, including breach of contract. Vessell and Hunnicutt, who were employed by Hannah from 1988 until 1994, alleged that Hannah breached an agreement to give them an interest in his business (Auto Salvage of Senoia a/k/a Senoia Auto Salvage) in lieu of a salary. Quick alleged that Hannah breached an agreement to convey a trailer and surrounding acreage to Quick after accepting monies paid by Quick for the property.

Hannah died during the pendency of this litigation, and Walker, administratrix of his estate, was substituted as party defendant.

During discovery, plaintiffs learned that in 1991, Hannah sold his business to his stepson Hester for $1 and "other valuable consideration." Prior to trial, Hester was added as a party defendant.

In amended complaints, plaintiffs sued Hester in his capacity as owner of Senoia Auto Salvage, asserting that he allowed Hannah to operate the business as his agent. Evidence was introduced at trial showing that after the transfer of ownership, Hester told Hannah that he could operate the business until he died. Nonetheless, after the close of the evidence, the trial court granted Hester's motion for directed verdict on the ground that there was no evidence of any agency relationship between Hester and Hannah. The trial court based this ruling on evidence that Hester did not assume any control over operation of the business or have any dealings with plaintiffs.

The jury returned a verdict awarding each plaintiff damages against Hannah's estate alone. Following entry of final judgment, plaintiffs appeal the trial court's grant of Hester's motion for directed verdict. We reverse. "The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him or subsequently ratifies the acts of another in his behalf." OCGA § 10-6-1. This relationship may arise if the principal either assumes control over the agent or has the right to exercise control.[1] The evidence supports findings that Hester's ownership of the business gave him a legal right to control its operation and that Hester created a relation of principal and agent between the two by telling Hannah he could continue as operator.

The fact that Hester and plaintiffs had no dealings with each other is not fatal to their claims. "If an agent shall fail to disclose his principal, when discovered, the person dealing with the agent may go directly upon the principal under the contract, unless the principal shall have previously accounted and settled with the agent." OCGA § 10-6-54. A jury could find that Hannah, as operator of the business, had the authority to bind Hester, as owner, on an agreement to transfer an interest in the business to employees in lieu of salary. Directing the verdict was error.[2]

The jury verdict in favor of Quick against Hannah's estate rests on a different claim. The plaintiffs and particularly Quick have advanced no arguments in regard thereto. No doubt that is because Quick had no claim against Hester even though he joined in the motion to add him. The directed verdict stands as to him.[3]

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Smith, J., concur.*

---

[1] See *Smith v. Maytag Corp.*, 216 Ga. App. 676, 679 (1) (455 SE2d 379) (1995).
[2] See *Halta v. Bailey*, 219 Ga. App. 178, 180 (2) (464 SE2d 614) (1995).
[3] *Beasley v. Paul*, 223 Ga. App. 706, 711 (2) (478 SE2d 899) (1996).

DECIDED MARCH 10, 1998 —
RECONSIDERATION DENIED MARCH 31, 1998

*R. Keith Prater*, for appellants.
*Knight, Stemberger & Gomez, Mark A. Gomez, Hoke J. Thomas, Jr.*, for appellees.