In re Ethel Elizabeth TESSMER,
Debtor.

No. 03–52631–JDW.

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

March 1, 2005.

Danny L. Akin, Robert M. Matson, Macon, GA, for Chapter 7 Trustee.

William M. Flatau, Macon, GA, for Hollis Tessmer and Estate of Mable Tessmer.

Ralph Goldberg, Decatur, GA, for Deborah Carringer.

## MEMORANDUM OPINION

JAMES D. WALKER, JR., Bankruptcy Judge.

This matter comes before the Court on Trustee's motion to enforce injunction. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(H), (O). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

## Findings of Fact

Some time prior to December 30, 1999, Debtor Ethel Tessmer killed her husband. On or about December 30, 1999, after she was convicted of felony murder, Debtor transferred a one-half, undivided remainder interest in real property to her parents, Hollis and Mable Tessmer[1] (the "Tessmers"). On January 14, 2000, Debtor's former mother-in-law, Deborah Carringer, filed a wrongful death action against Debtor in state court.

Debtor filed a Chapter 7 petition on June 12, 2003. On July 23, 2003, Ms. Carringer filed a fraudulent conveyance action against the Tessmers in Lamar County Superior Court, requesting damages and declaration that the conveyance of Debtor's property interest to the Tessmers was void. In addition, the earlier wrongful death action precipitated a nondischargeability complaint for willful and malicious injury against Debtor, filed by Ms. Carringer on September 9, 2003, which was later settled by the parties.[2]

On October 2, 2003, the Court entered an order granting Debtor a discharge. On November 13, 2003, Trustee filed a motion to enforce the automatic stay as to Ms. Carringer's fraudulent conveyance action against the Tessmers, alleging that the action was property of the estate. On November 24, 2003, the Court entered a consent order signed by counsel for the trustee and for Ms. Carringer that *permanently enjoined* Ms. Carringer from pursuing her state court action against the Tessmers.

On June 21, 2004, Trustee filed a motion to compromise an avoidance claim, arising under state fraudulent conveyance law, against the Tessmers for $5,000. Ms. Carringer was not a party to this motion. Ms. Carringer objected to the compromise on July 9, 2004. The Court held a hearing on the objection on August 16, 2004, and entered an order approving the motion the following day. The Court's order authorized Trustee to obtain a dismissal with prejudice of Ms. Carringer's fraudulent conveyance action pending in the state court. On August 30, 2004, Ms. Carringer filed a motion to alter or amend the order. On September 20, 2004, the Court entered an amended consent order that omitted the language authorizing Trustee to dismiss Ms. Carringer's state court action. The amended order was signed by counsel for Trustee, for the Tessmers, and for Ms. Carringer.

On October 21, 2004, Trustee and the Tessmers filed a joint motion to enforce an injunction and to authorize Trustee to dismiss Ms. Carringer's state court fraudulent conveyance claim against the Tessmers. The Court held a hearing on the issues raised by this motion on November 22, 2004.

## Conclusions of Law

As demonstrated by the findings of fact, this case has followed a somewhat tortured path and has resulted in a great deal of confusion. The Court as already issued multiple rulings affecting Ms. Carringer's fraudulent conveyance claim against the Tessmers. Nevertheless, the parties are still at odds over the viability of the cause of action. To untangle this knot, the Court will review some basic principles of bankruptcy law.

When a debtor files a Chapter 7 bankruptcy case, all her assets become property of the estate, including any

---

**1.** Mable Tessmer is now deceased.

**2.** The record does not indicate the status of the state court wrongful death case. However, assertions were made during a later hearing to indicate that all Ms. Carringer's claims against Debtor have been resolved.

causes of action she might assert. 11 U.S.C.A. § 541(a) (West 2004). Any such actions must be pursued by the Chapter 7 trustee or abandoned. *Id.* § 704(1). In this case, Debtor did not have a cause of action against herself or her parents for the alleged fraudulent conveyance of an interest in real property. Instead, she was a possible defendant in such an action. Thus, the fraudulent conveyance action at issue could not come into Trustee's hands as property of the estate. Any prior ruling or assertion to the contrary is erroneous.

 Nevertheless, § 544(b) of the Bankruptcy Code authorizes Trustee to pursue any fraudulent conveyance claim that might have been pursued by a creditor of Debtor. It provides as follows: "[T]he trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim ...." 11 U.S.C.A. § 544(b)(1) (West 2004).[3] Trustee's recovery is limited to the property or the value of the property that is the subject of the § 544 action. *Id.* § 550(a). Any property recovered as a result of Trustee's exercise of avoidance power becomes property of the estate. *Id.* § 541(a)(3).

 Ms. Carringer has conceded that she cannot sue Debtor due to the automatic stay and discharge injunction, but she argues that the Trustee's settlement of the § 544(b) suit against the Tessmers did not cut off her right to sue the Tessmers. However, "the commencement of bankruptcy gives the trustee the right to pursue recovery of fraudulently conveyed assets to the exclusion of all creditors." *In*

*re Integrated Agri. Inc.,* 313 B.R. 419, 427 (Bankr.C.D.Ill.2004). Creditors who are dissatisfied with the results cannot file a separate suit; "otherwise, any unhappy creditor may race to the courthouse, ... thus, giving rise to the issue of who would be bound by inconsistent results." *In re Stein,* 314 B.R. 306, 311 (D.N.J.2004) (internal citations omitted). The creditors do not regain the right to sue unless the trustee abandons the claim or he "no longer has a viable cause of action" because, for example, the statute of limitations has run. *Integrated Agri,* 313 B.R. at 426–27.

 The question, then, is whether Ms. Carringer's claim against the Tessmers is somehow severable from the claim settled by Trustee. First, the transferor (Debtor) is not an indispensable party to a fraudulent conveyance action; therefore, absent Trustee's settlement, the stay on actions against Debtor would not interfere with Ms. Carringer's ability to sue the Tessmers. *See* O.C.G.A. § 9–11–19 (1993); *Halta v. Bailey,* 219 Ga.App. 178, 179–80, 464 S.E.2d 614, 616 (1995) (transferor and intermediate transferee were not indispensable parties in fraudulent conveyance action). Second, under Georgia law, a settlement with one liable party does not preclude a suit against other liable parties. *Lackey v. McDowell,* 262 Ga. 185, 186, 415 S.E.2d 902, 903 (1992) (When settling a case involving joint tortfeasors, "[o]nly those parties *named* in the release will be discharged by that instrument."). Thus, in the absence of a bankruptcy case, Ms. Carringer could settle with Debtor and still sue the Tessmers.

 But, it is not Ms. Carringer's settlement with Debtor that prevents her

---

**3.** Trustee is time-barred from pursuing a fraudulent conveyance action under 11 U.S.C.A. § 548.

from pursuing the Tessmers; it is § 544 of the Bankruptcy Code. It is possible that Ms. Carringer could find some theory unrelated to the fraudulent transfer as a basis to sue the Tessmers. However, the only alternate theory the Court can derive from the various allegations made by Ms. Carringer is conspiracy. Under Georgia law, " '[t]he conspiracy is not the gravamen of the charge, but may be both pleaded and proved as aggravating the wrong complained of....' " *Kesler v. Veal,* 257 Ga. 677, 680, 362 S.E.2d 214, 216 (1987) (quoting Groover v. Brandon, 200 Ga. 153, 164, 36 S.E.2d 84, 91 (1945)). Thus, Ms. Carringer can't pursue a conspiracy claim without also pursuing a fraudulent transfer claim. The two claims are not severable, so Ms. Carringer's right to sue has been cut off by Trustee.

■ Even assuming Ms. Carringer's claim were severable from the claim settled by Trustee, the Court's injunction of Ms. Carringer would be appropriate under § 105(a) of the Bankruptcy Code, which provides as follows: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C.A. § 105(a) (West 2004). If Ms. Carringer could pursue a claim against the Tessmers based on the transaction in question, § 544(b) would be rendered ineffective. If § 544(b) does not give the Trustee the *exclusive* right to pursue avoidance actions, then the defendants in such actions would be unwilling to negotiate settlements. As in *Stein*-in which the bankruptcy court enjoined a creditor's state law action against a nondebtor third party-Ms. Carringer's "action is an attempt to circumvent bankruptcy proceedings, the results of which" were dissatisfactory to her. 314 B.R. at 311. "A successful action in state court would effectively disturb the terms of the settlement between the Trus-

tee and [the Tessmers]...." *Id.* Thus, to protect the Trustee's ability to enter into binding settlement agreements, an injunction of Ms. Carringer's state law fraudulent conveyance action is an order necessary to carry out the provisions of the Bankruptcy Code. *Id.* at 312.

### Conclusion

Once the Trustee acts under § 544(b), the rights of all other parties to bring a suit based on the same transaction are fully and permanently cut off unless the Trustee later abandons his claim. Even assuming those rights are not usurped, the injunction previously ordered is a valid exercise of the Court's § 105(a) power. Consequently, the Court will grant the motion to enforce injunction and reiterate that Ms. Carringer is permanently enjoined from taking any steps to further prosecute her state law fraudulent conveyance action against the Tessmers, and she is permanently enjoined from initiating any other suit that arises from the transfer of property in question.